Burke I. Burke, J.
This is a proceeding by the Tennessee Gas Transmission Company under the Condemnation Law to condemn a right of way, located in the towns of Boston and Eden, Erie County, New York, for construction of a gas transmission line.
The proceeding is brought pursuant to a certificate of public convenience and necessity, issued by the Federal Power Commission, the terms of which authorize and direct plaintiff to extend its gas transmission facilities by construction of approximately 76 miles of 24-inch gas transmission line from Potter County, Pennsylvania, to a compressor station in Erie County, New York, and to operate such pipeline and facilities for the transmission and sale of natural gas in interstate commerce. Plaintiff already has negotiated and acquired most of the easements along the right of way, required to permit construction.
The defendants in this proceeding are the owners of premises which they acquired by deed dated February 26, 1957, and recorded in Erie County Clerk’s office in Liber 6134 of Deeds at page 518.
The defendants deny generally the allegations of the.petition, and as an affirmative defense allege that the route selected by the plaintiff “ insofar as it encroaches upon the portion of Defendants ’ premises lying in the Town of Boston is arbitrary, capricious, unreasonable and unwarranted. ’ ’
Plaintiff introduced testimony of engineers to show the steps taken in 1956 and 1957 to formulate a route, including study of topographical maps, projection of preliminary lines, making of ground and aerial surveys, consideration of construction and engineering problems, and that location of the right of way *740 across the G-eng property is based upon and consistent with sound engineering principles for construction and maintenance of a gas transmission line.
The position of Mrs. Geng, who appeared as her own attorney in this proceeding, the sincerity of her statements both in testimony and argument, her interest in nature, and her obvious desire to save part of the woodlot on her property evoke the admiration of the court. She and her husband dramatize the role of the small property owners who find themselves in the path of a public service facility and ask, ‘ ‘ Why does this happen to us? ”
It would afford a cheerful and popular disposition if the court could say “ Tennessee Gas Transmission Company, you shall not pass through Mr. and Mrs. Geng’s woodland”, but under the law based upon the facts presented at the hearing — and the courts are bound by the law in decisions just as the plaintiff and defendants are in this proceeding — the court may not substitute its judgment as to route for the judgment of qualified, professional engineers acting in good faith.
The principle of law that ‘1 in the absence of fraud, bad faith or gross abuse of discretion, courts will not disturb the exercise of discretion by a condemnor with respect to a particular route, line or location ” is well settled and must be followed by this court. (People v. Fisher, 190 N. Y. 468, 477; Cuglar v. Power Auth. of State of N. Y., 4 Misc 2d 879, affd. 4 A D 2d 801; Williams v. Transcontinental Gas Pipe Line Corp., 89 F. Supp. 485; Transcontinental Cas Pipe Line Corp. v. Borough of Milltown, 93 F. Supp. 287.)
Upon the evidence presented, there has been no showing of fraud, bad faith or gross abuse of discretion on the part of the plaintiff, Tennessee Gas Transmission Company.
It is decided, therefore, that plaintiff’s petition for condemnation of the said right of way is granted, that plaintiff may take such property for the public use specified, and that commissioners of appraisal be appointed to ascertain the compensation to be made to the owners of the property taken. Plaintiff’s motion for permission to enter immediately upon the subject premises is granted, subject to the filing of a bond in an amount to be approved by this court.
Submit order accordingly.