David 0. Boehm, J.
In this action against the defendant for trespassing upon the plaintiff’s property by attaching a telephone cable to plaintiff’s building, the defendant made a demand for a bill of particulars which included a request for information for the fair market value of plaintiff’s property before and after the trespass. The plaintiff has refused to provide this information, stating that it is immaterial to the issues in the lawsuit because the action is not one for damages to the plaintiff’s property but for the use thereof. The telephone cable was removed before the commencement of the action.
The defendant is moving for an order directing the plaintiff to provide a further bill of particulars regarding the information not produced or, in the alternative, precluding plaintiff from giving evidence at the trial as to such item.
The fair market value of the plaintiff’s property before and after the trespass is not a proper item of demand under the facts in this case and, therefore, the plaintiff need not produce the same.
The case of Bunke v. New York Tel. Co. (110 App. Div. 241, affd. without opn. 188 N. Y. 600), is on all fours. This was an action for trespass against the defendant for attaching telephone wires to the roof of plaintiff’s house. The wires were there when the plaintiff purchased the premises. The plaintiff was not deprived of the possession or use of his building. Justice Laughlin, speaking for a unanimous Appellate Division Bench, stated (p. 247): “ Manifestly, it would be difficult to show the value of the part of the roof used by the defendant, because, with the exception of this particular use, there probably was no demand for the use of the roof to the extent that it was occupied and used by the defendant. These facts, therefore, take the *641 case out of the ordinary rule by which a recovery is limited to the value of the use and occupation to the owner or the damages to the freehold, because it does not appear that there were any damages, and places the case in the category with those where a trespasser is required to respond in damage for the value of the use to him. ’ ’
The court further held that though the wires were on the premises when the plaintiff took title, there is no presumption of a license from the prior owner and the defendant would be obliged to plead and prove any .such prior license. (See, also, West St. Auto Serv. v. Schmidt, 26 A D 2d 662; De Camp v. Bullard, 159 N. Y. 450, 454.)
Motion denied.