■ SALESIAN SOCIETY, INC., Respondent, v VILLAGE OF ELLENVILLE et al., Appellants, et al., Defendant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 19, 1974 in Ulster County, upon a decision of the court at a Trial Term without a jury. The dispute herein centers on the correct location of the boundary line separating parcels of real property in Ulster County owned by the plaintiff and defendant Village of Ellenville. Both of these parties claim ownership of a certain area of land situated on or near this boundary line, and plaintiff commenced this action, pursuant to article 15 of the Real Property Actions and Proceedings Law, to compel the determination of the respective claims. In any event, the Village of Ellenville further claims ownership of the disputed area by means of adverse possession, it having leased various parts of the area to the other defendants or their predecessors in interest. After a nonjury trial of this action, the trial court adjudged the plaintiff the owner of the area in question and granted it possession thereof. Additionally, it set forth the correct boundary line between the parcels and reserved the issue of damages for a trial at a later date. This appeal ensued. We hold that the judgment of Trial Term must be reversed. Pursuant to CPLR 9802 (formerly Village Law, § 341-b), this action may not be maintained unless a notice of claim was made and served upon the defendant Village of Ellenville within 90 days of the accrual of the claim as required by subdivision 1 of section 50-e of the General Municipal Law. Accordingly, since plaintiff's complaint does not allege that this required notice was given and nothing else in the record indicates that there was compliance with these statutory mandates, the complaint must be dismissed (cf. *Stage v Village of Owego,* 48 AD2d 985; *Schenker v Village of Liberty,* 261 App Div 54, affd 289 NY 788). In so ruling, we would further note that since this case involves an alleged continuing wrong, plaintiff may maintain a new action after properly filing

a notice of claim and any damages accruing during the 90-day period prior to such filing will be recoverable (cf. *Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1,* 33 AD2d 720; *Fitz Gerald v City of Ogdensburg,* 284 App Div 767). Judgment reversed, on the law, without costs, and complaint dismissed. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.