(June 30, 1977)

■ SALESIAN SOCIETY, INC., Respondent, v VILLAGE OF ELLENVILLE et al., Appellants, et al., Defendant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 19, 1974 in Ulster County, upon a decision of the court at a Trial Term without a jury. The dispute herein centers upon the correct location of the boundary line separating parcels of real property owned by plaintiff and defendant Village of Ellenville, and the factual situation is adequately set forth in *Salesian Soc. v Village of Ellenville* (50 AD2d 648) wherein we previously reversed Trial Term and dismissed the complaint because plaintiff did not allege in its complaint that a notice of claim had been made and served upon the village in accordance with CPLR 9802 (formerly Village Law, § 341-b) and nothing else in the record indicated that notice had been timely served. Subsequently, however, the Court of Appeals reversed our order of dismissal "under the peculiar circumstances" existing, on the ground that the village waived the notice issued by not raising it prior to final judgment and remitted the matter to this court for further proceedings (41 NY2d 521). Three issues remain for our consideration, and we initially find without merit the village's contention that the trial court erred in concluding that plaintiff is the owner and entitled to possession of the disputed realty. On this question, only issues of fact and credibility arising from conflicting evidence are presented, and we cannot say on this record that the trial court's ruling in favor of plaintiff was against the weight of the evidence *(Prime v City of Yonkers,* 131 App Div 110, affd 199 NY 542; see, generally, 10 Carmody-Wait 2d, NY Prac, § 70:385, pp 648-649). Similarly, the court was correct in precluding evidence relative to the defense of adverse possession. It is well settled that parties may shape the facts upon which a cause will be determined by means of stipulations *(Hine v New York El. R. R. Co.,* 149 NY 154). Moreover, such stipulations limiting the issues to be decided in a case will be enforced by the courts, and no issues other than those framed by the parties will be considered (cf. *Heth v State of New York,* 278 App Div 8, affd 303 NY 658; *Sargent v Halsey,* 42 AD2d 375). Here, the parties expressly stipulated before trial that the only issue in this case was a boundary dispute, which was to be resolved by the trial court's determining whether plaintiff's or defendant village's deed descriptions, as set forth in the stipulation, encompassed the disputed land, and any possible defense of adverse possession was thereby removed from the case. Lastly, we find that the stipulation did not waive the defense of the Statute of Limitations in violation of section 4-412 (subd 3, par [3]) of the Village Law. Although the defense of adverse possession is based upon the Statute of Limitations *(Reiter v Landon Homes,* 31 AD2d 538), the cited provision of the Village Law which prohibits village trustees from waiving the defense of the Statute of Limitations was obviously intended merely to prevent the compromise or payment by a village of claims which are time-barred. It is clearly inapplicable to a situation such as we have here where the nonexistence of an adverse possession issue was effectively conceded by all of the parties in the stipulation. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.