## (March 21, 1980)

In the Matter of RICHARD N. ASWAD, Petitioner, v CITY SCHOOL DISTRICT OF THE CITY OF BINGHAMTON, Respondent.—Proceeding instituted in this court pursuant to section 207 of the Eminent Domain Procedure Law seeking to annul a determination of the respondent City School District of the City of Binghamton, which designated a certain parcel of land, including petitioner's property, as the site for construction of a consolidated high school. Since 1973, the respondent has conducted extensive studies and reviews to obtain a site for the consolidation of the City of Binghamton's two public high schools, Binghamton Central and Binghamton North. Various locations were analyzed and considered. On November 28, 1977, a resolution was adopted by the respondent to construct a new school on the present site of Binghamton Central, expanded by the acquisition of numerous private properties. This proposal was submitted to the board of education and to the Binghamton City Planning Commission. At this time the plan did not include the petitioner's property. For reasons not relevant here, the proposed site was rejected by the planning commission. The respondent undertook additional studies concentrating on the area surrounding Binghamton Central and on August 21, 1979, passed a new resolution which provided for the renovation of the existing high school building at that site and the construction of additionally needed facilities to be built on adjacent

properties, including the petitioner's at 106 Oak Street, to be acquired for that purpose. On September 5, 1979, the respondent presented the new proposal to the city planning commission for consideration, and this proposal set forth in detail a site plan designation, the location, the scope, an environmental assessment informational form, a traffic study, and a further environmental description, reflecting the impact of the project site on the surrounding areas. The city planning commission held an open informational public hearing on October 3, 1979, noticed in the public press, and many of the owners of properties to be acquired appeared and expressed opinions in regard to the proposal. The petitioner claims he did not know about this hearing and did not attend. As a result of the hearing and the questions raised by the Community Development Department, the director of planning and evaluation for the respondent wrote a letter on October 11, 1979, answering the inquiries and setting forth additional information of population trends, effect of the proposal on land use, site evaluation, environmental and historical impact, traffic impact, parking effect, economic and school activity and effect on the surrounding neighborhood. Upon the results of the hearing and the documents submitted, the city planning commission approved the proposed plans on October 17, 1979 for the new consolidated high school, and this approval was confirmed by letter dated October 25, 1979. Additionally, the respondent submitted an application for examination and approval to the State Education Department, pursuant to section 155.1 of the rules and regulations of the State Education Commissioner (8 NYCRR 155.1), which contained the size and location of the site, its educational adaptability, its effort to conserve natural resources within the limits of the educational program to ensure that the site and its facilities contributed to the school and community environment. The State Education Department gave its approval on September 20, 1979. Approval of the State Department Division of Educational Facilities Planning, as the lead agency for a determination of environmental impact, was also sought and acquired on September 19, 1979. On November 8, 1979, the respondent board of education adopted a formal resolution of approval which authorized and directed proceedings to be instituted under the Education Law and the Eminent Domain Procedure Law (EDPL) to acquire the adjacent properties necessary to effectuate the resolution. On or about January 21, 1980, pursuant to EDPL 302, the respondent commenced a proceeding in Broome County Supreme Court to acquire the designated properties, including the petitioner's. On the day before the acquisition proceeding was returnable, the petitioner herein served a notice of petition which claimed noncompliance with the provisions of EDPL article 2, for the failure to notice and to conduct public hearings to determine the need and location of a public project prior to acquisition, as provided in article 2 of that law. The respondent filed an answer which admits noncompliance but claims exemption therefrom pursuant to EDPL 206. This section relevantly provides: "The condemnor shall be exempt from compliance with the provisions of this article when: (A) pursuant to other state, federal or local law or regulation it considers and submits factors *similar to* those enumerated in subdivision (B) of section two hundred four, to a state, federal or local governmental agency, board or commission before proceeding with the acquisition and obtains a license, a permit * * * *or other similar approval* from such agency, board, or commission". (Emphasis added.) Subdivision (B) of section 204 provides: "The condemnor * * * shall specify, but shall not be limited to the following: (1) the public use, benefit or purpose to be served by the proposed public project; (2) the approximate location for the proposed

public project and the reasons for the selection of that location; (3) the general effect of the proposed project on the environment and residents of the locality; (4) such other factors as it considers relevant." All the studies, the plans, the proposals, the submissions, the permissions, the hearing and other activity engaged in by the respondent, as outlined above, demonstrate substantial compliance with the exemption provisions of EDPL 206, and the respondent condemnor's determination and finding that it has so complied with such State and local laws and regulations and substantive factors similar to those enumerated in EDPL 204 (subd [B]) should be confirmed (EDPL 207, subd [C], par [3]). Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Greenblott, Sweeney and Casey, JJ., concur.

Kane, J., concurs in the following memorandum. Kane, J. (concurring). While I agree with the majority's conclusion upholding the validity of the exemption claimed by respondent, it should be noted that there is an ambiguity in the existing statutory procedures which could pose difficulties in future cases should it be held that the acquisition was not exempt. Judicial review of a determination and findings made pursuant to EDPL article 2 must be sought within 30 days after publication thereof is completed (EDPL 207, subd [A]). However, the article does not specify how or when the condemnor should finally determine its exemption from such provisions. Consequently, while this court is authorized to review the basis of the asserted exemption (EDPL 207, subd [C], par [4]), it is far from certain when that limited issue would pass beyond judicial scrutiny. The instant petition was filed shortly after petitioner received notice of the respondent's efforts pursuant to EDPL 302 in which the exemption was alleged and there is no indication he was ever formally advised of the district's position in that regard on any earlier date. Accordingly, the proceeding itself appears to be timely. Nevertheless, had we decided on the merits that article 2 did apply to this proposed acquisition, it would belatedly undo the roughly analogous procedures which the condemnor had already completed (cf. EDPL 206). This possibility demonstrates the importance of providing a mechanism for an early resolution of the exemption issue. Since the present statutory scheme does not directly address this problem, the matter deserves legislative consideration.