■ SALESIAN SOCIETY, INC., Respondent, v VILLAGE OF ELLENVILLE et al., Appellants, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered January 30, 1979 in Ulster County, which granted plaintiff's motion for leave to amend the complaint. This action was commenced in October, 1967 to establish title to a parcel of land and to recover damages for trespass. The issue of ownership was tried first, with the question of trespass and damages held in abeyance. It was determined the plaintiff owned the land (see *Salesian Soc. v Village of Ellenville,* 50 AD2d 648, revd 41 NY2d 521; 58 AD2d 711). After leave to appeal from this court's second decision was denied (42 NY2d 810), the issues of trespass and damages became determinable and the plaintiff sought leave to amend its *ad damnum* clause from a demand of $105,000 to $2,000,000. The appellants contend that Special Term erred in granting the motion to amend. The issue is whether or not it abused its discretion and the plaintiff is required to show reasons for the delay. Special Term found: "Nor can the court conclude that there has been inordinate delay in the making of plaintiff's motion. Under the peculiar facts of this matter, discovery on the issue of damages could not have commenced until ownership * * * was finally adjudicated in 1977, and the matter both prior to that time and since has been vigorously litigated by all parties." There is no showing of any abuse of discretion by Special Term, and further, the contention of the appellants that the amendment is barred by a pretrial stipulation has no merit. Order affirmed, with one bill of costs to plaintiff against appellants filing briefs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. DOHERTY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 2, 1979, convicting defendant upon his plea of guilty of the crime of robbery in the second degree. The sole issue is whether or not the sentence imposed, at least two and one-third years and at most seven years, is excessive. The record discloses that the plea entered was in full satisfaction of an indictment charging two separate acts of robbery in the first degree. Considering the gravity of the offenses originally charged and the amelioration represented by the reduced charge, the sentence is not excessive. Judgment affirmed. Staley, Jr., J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.