■ In the Matter of AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Respondent, v SALESIAN SOCIETY, INC., Appellant.—Appeals (1) from an order of the Supreme Court at Special Term, entered July 23, 1979 in Ulster County, which, inter alia, ordered petitioner to file an acquisition map, which would cause title to certain real property to vest in the petitioner, and ordered petitioner to file a $5,000 bond or undertaking, and (2) from an order of the same court, entered March 17, 1980, which denied appellant's motion for renewal and reargument. This litigation has had a long and somewhat acrimonious history (Salesian Soc. v Village of Ellenville, 58 AD2d 711, mot for lv to app den 42 NY2d 810; 50 AD2d 648, revd 41 NY2d 521). The same day this case was argued before this court, a related case was also presented involving this appellant and the Village of Ellenville. The initial litigation involved the question of ownership of a small and remote parcel of land leased to petitioner by the Town of Ellenville. It was ultimately determined that appellant was the owner of that land and the litigation continued on the question of damages. In the instant case, petitioner desires to use its condemnation power to divest title to the premises in question, subject to any rights of due compensation. Appellant moved to dismiss the proceeding on various grounds. Special Term permitted the condemnation to proceed and, inter alia, ordered petitioner to file an acquisition map and a $5,000 bond or undertaking. Special Term also denied appellant's motion for renewal and reargument. This appeal ensued. In seeking a dismissal of this proceeding, appellant urged the doctrine of res judicata based on the court's denial in the related case of petitioner's request to amend its answer to raise an affirmative defense of inverse condemnation. Special Term based its denial on the fact that petitioner delayed too long in moving for the relief sought and on the further ground that petitioner had agreed to an exclusive statement of issues in a pretrial stipulation which did not include inverse condemnation. It is axiomatic that for a judgment or order to be given preclusive effect, it must have treated the identical issue on the merits (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485). Such is not the situation here. The court did not entertain and reject petitioner's right to condemn in the related litigation, but rather, refused in its discretion to consider it (see CPLR 3025, subd [b]).

Nor do we find any merit to appellant's contention that petitioner is estopped from now litigating the issue since it was not timely raised in the prior litigation in view of the permissive nature of counterclaims in New York practice (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:2). Appellant further contends that its constitutional rights were violated in that petitioner failed to hold a public hearing and to make determinations and findings pursuant to sections 201 and 204. We disagree. The land in question is small and in a remote area and the taking will have little, if any, impact on the general public. Consequently, petitioner could reasonably conclude that the acquisition is *de minimus*, thus rendering the sections relied upon by appellant inapplicable (EDPL, § 206, subd [D]). Finally, we reject appellant's contention that the court abused its discretion in ordering petitioner to post a bond for only $5,000. We have considered all other arguments urged by appellant on this appeal and find them unpersuasive. The orders should be affirmed. Orders affirmed, with costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.