■ COUNTY OF MONROE, Respondent, v RUTH M. MORGAN et al., Appellants. — Order unanimously affirmed, without costs. Memorandum: Petitioner commenced a proceeding in Supreme Court for the acquisition of approximately seven acres of respondents' land to provide access to a proposed county park. Petitioner already owned 571 acres of the proposed total park area of 680 acres. The petition alleges that the county is exempt from the requirements of article 2 of the Eminent Domain Procedure Law (EDPL) because of the acquisition's minimal effect on the environment. Respondents deny that allegation in their answer and further allege that petitioner must comply with the notice and public hearing requirements of article 2. In granting the petition, Special Term held that petitioner is exempt from the notice and hearing requirements under EDPL 206 (subd [A]). Preliminarily, we note that respondents' remedy to contest petitioner's determination of exemption is not by way of answer in an acquisition proceeding but is pursuant to a proceeding for judicial review

under EDPL 207. Moreover, Special Term was without authority to pass upon the exemption issue. A determination of exemption under EDPL 206 is reviewable only in the Appellate Division (EDPL 208). We acknowledge that EDPL 207 is ambiguous and is in dire need of legislative correction (see *Matter of Aswad v City School Dist. of City of Binghamton,* 74 AD2d 972, 974 [Kane, J., concurring]). EDPL 207 (subd [C]) provides that the Appellate Division shall either confirm or reject the condemnor's determination and findings and that the scope of review shall be limited to whether: "(3) the condemnor's determination and findings were made in accordance with procedures set forth in this article, including, where applicable, a determination that an acquisition is exempt from compliance with this article". Since, under EDPL 208, no other court (except for review by the Court of Appeals) has jurisdiction "to hear and determine any matter, case or controversy concerning any matter which was or could have been determined in a proceeding under this article", the conclusion is inescapable that the determination of the claimed validity of an exemption is within the exclusive jurisdiction of the Appellate Division (EDPL 207, subd [B]). The underlying difficulty is found in EDPL 207 (subd [A]) which provides the procedure for judicial review of a condemnor's determination and findings after public hearings but makes no reference to a determination of exemption. In light of the sufficiency of the record and in the interest of judicial economy, we treat respondents' verified answer as a petition for judicial review and proceed to the merits, as did the Third Department in *Matter of American Tel. & Tel. Co. v Salesian Soc.* (77 AD2d 706). EDPL 206 (subd [A]) provides for exemption when the condemnor, pursuant to law or regulation, considers and submits factors similar to those enumerated in EDPL 204 (subd [B]) to a governmental agency, board or commission before proceeding with the acquisition and obtains "a license, a permit, a certificate of public convenience or necessity or other similar approval from such agency, board, or commission". Here, pursuant to the Environmental Conservation Law, petitioner had a thorough environmental study made of the park project, including lands already owned and those to be acquired. The study, which satisfactorily considered "factors similar to those enumerated in subdivision (B) of section two hundred four" as required by EDPL 206 (subd [A]), was reported in an environmental assessment form which was submitted to the Monroe County Environmental Quality Review Committee. That committee issued a negative declaration, thus eliminating any requirement that petitioner file an environmental impact statement (6 NYCRR 617.10 [b]). Lacking this negative declaration, petitioner could have taken no further action to construct the project (6 NYCRR 617.3). There was, therefore, the required approval. Respondents' claim of denial of due process because of the lack of public hearing is also without merit. Respondents have a right to be heard on the issues of compensation and public use of the property taken *(County of Orange v Public Serv. Comm. of State of N. Y.,* 39 AD2d 311, affd 31 NY2d 843). Respondents do not claim, nor could they, that the property is being taken for other than a public use (see EDPL 207, subd [C], par [4]). The issue of compensation is for the trial court under EDPL article 5. (Appeal from order of Monroe Supreme Court, Pine, J. — condemnation.) Present — Dillon, P.J., Simons, Hancock, Jr., Doerr and Moule, JJ.