NEW YORK STATE ELECTRIC & GAS CORP., Respondent, v AARON B. KARAS et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered December 17, 1980 in Sullivan County, which granted the petition for a judgment of condemnation. Pursuant to EDPL 402, petitioner commenced this proceeding seeking an easement across property owned by respondent Karas for the purpose of constructing and maintaining a 115-kilovolt transmission line. Respondent Karas served a verified answer alleging that he lacked knowledge or information sufficient to form a belief as to the accuracy of certain allegations of the petition and asserting several affirmative defenses. Special Term granted petitioner's motion for a judgment on the pleadings and this appeal ensued. There must be an affirmance. Pursuant to EDPL 402 (subd [B], par [5]), the court must grant the petition "upon due proof of service of notice and upon filing of [the] petition and proof to its satisfaction that the procedural requirements of this law have been met". The required notice was served and the petition contains each of the necessary allegations enumerated in section 402 (subd [B], par [3]). We find nothing in the answer of respondent Karas to prevent the court from summarily granting the petition. In particular, the allegations in the answer concerning public need and use are inadequate in light of the certificate of environmental compatability and public need issued by the Public Service Commission, which is a condition precedent to the construction of the transmission facility proposed by petitioner (see Public Service Law, art 7). Pursuant to EDPL article 2,

a condemnor must, prior to acquisition of the property, hold public hearings on and make a determination and finding as to the public use and benefit, approximate location and environmental impact of the proposed public project. Subdivision (B) of section 206, however, provides an exception where the condemnor has obtained a certificate of environmental compatability and public need pursuant to article 7 of the Public Service Law. In our view, the purpose of this provision is to relieve the condemnor of a redundant obligation. In other words, having established the environmental impact and public need of the proposed facility to the satisfaction of the Public Service Commission, petitioner is not to be put to the same proof again for each parcel it seeks to acquire along the approved route. Accordingly, the arguments of respondent Karas relating to the public use of the taking are meritless. We also find no merit to the remaining arguments asserted by respondent Karas. Some of these arguments are pertinent to the question of compensation, which is still pending (see EDPL art 5). The others either do not relate to the required allegations of the petition (see EDPL 402, subd [B], par [3]) or are insufficient to prevent the court from summarily granting the petition. Order affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.