■ In the Matter of the CITY OF YONKERS, by ERNEST GREEN, as Commissioner of Public Works, Appellant, v ANDREW HVIZD et al., Respondents. — In an eminent domain proceeding, the petitioner, the City of Yonkers, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Sullivan, J.), entered June 23, 1981 as, upon granting renewal of a prior application to acquire certain of the individual respondents' property by condemnation, which was denied by order dated October 30, 1980, adhered to its original determination. Order entered June 23, 1981 reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, order dated October 30, 1980 vacated, petition granted and proceeding remitted to Special Term for entry of a judgment of condemnation. The evidence establishes that petitioner was exempted from the provisions of EDPL article 2 ("Determination of the Need and Location of a Public Project Prior to Acquisition") pursuant to EDPL 206 (subd [D]) (see Matter of Incorporated Vil. of Malverne, 70 AD2d 920). The project requiring the condemnation in question was for the purpose of alleviating a serious danger to the public health arising from the danger of sewage rising to the surface because of the inadequacies of the septic tank systems in the subject neighborhood. A main sanitary sewer line was constructed and the easements sought were for the purpose of enabling various property owners in the Bryn Manor Terrace area to connect to that main line. All required easements were obtained except that the individual respondents refused to grant or sell the easement necessary to permit the Bellizze property to connect into the main line. As a result this condemnation ensued. The proceeding was dismissed and upon petitioner's motion to renew, Special Term stated in part that: "[t]he acquisition map submitted with the papers on file does not show the location of the proposed easement, but rather only shows what appears to be the course of the easement for the main sewer line transversing the defendant's property and other adjoining parcels." We find, however, that the local enabling ordinance, the descriptions of the easements therein, the acquisition map, the city's appraisal, the city's offer to purchase, and the evidence as a whole clearly establish that which Special Term thought "appears to be the course of the easement for the main sewer line" and not the location of the connector easement to that line, was in fact the easement sought for connection to the main sewer line, and not the main sewer line itself. Further, the Bellizze property purporting to require that connecting easement is clearly shown on the acquisition map and is otherwise identified in the condemnation petition and supporting papers. It is manifest from this record that: the city easement was necessary; under EDPL 206 (subd [D]) the city was exempt from compliance with the provisions of EDPL article 2; the acquisition map was in fact duly filed and presented to the court; the location of the Bellizze property was clearly shown; the easement serves a public purpose; and the petition should have been granted (see Matter of Incorporated Vil. of Malverne, supra). Gibbons, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.