■ In the Matter of CLEMENT E. PIOTROWSKI et al., Petitioners, v TOWN OF GLENVILLE, Respondent. — Proceeding initiated in this court pursuant to EDPL 207 to annul a determination of respondent which held that the action to condemn petitioners' property was exempt from EDPL article 2. ¶ Respondent plans to construct a "bike/hike trail" along the Mohawk River in Schenectady County. A segment of the proposed path passes over land owned by Niagara Mohawk Power Company, from which petitioners have the right to remove topsoil. It also passes over a small section of land which petitioners own. Respondent contracted with Niagara Mohawk for a license to construct the trail over its property, subject to any outstanding easements or rights of way. It was unable to reach a similar agreement with petitioners. Petitioners subsequently began to remove topsoil from the land covered by their digging rights by excavating trenches across the route over which the path was to be built. ¶ On November 3, 1983, respondent initiated condemnation proceedings pursuant to the Eminent Domain Procedure Law against petitioners' property interests. It attempted to expedite this process by declaring itself exempt from compliance with the procedural requirements of EDPL article 2 on the ground that petitioners' removal of topsoil from the site of the proposed path constituted an "emergency", as well as because the taking involved was *de minimis* so that the public interest would not be prejudiced thereby (EDPL 206, subd [D]). Petitioners have instituted this proceeding for a review of respondent's determination that it is exempt from the procedural requirements of EDPL article 2. ¶ Pursuant to the terms of the recently amended EDPL 207 (L 1982, ch 356, § 6, eff June 21, 1982), this court does not have jurisdiction of the instant proceeding. While EDPL 207 (subd [A]) once provided for judicial review by the Appellate Division of a condemning authority's "determination and findings made pursuant to this article", the scope of this review has been limited. As amended, EDPL 207 (subd [A]) now provides for this court's review of a condemnor's "determination and findings *made pursuant to section two hundred four of this article*" (emphasis added). A condemnor's determination

that it is exempt from this article, such as respopdent's determination here, is made pursuant to EDPL 206. Accordingly, a review of such a determination is no longer within the statutorily stated jurisdiction of this court (see *Matter of City of Schenectady v Flacke,* 100 AD2d 349). ¶ This case should properly have been brought before Special Term via a CPLR article 78 proceeding. As noted above, EDPL article 2 does not now specifically provide for the review of determinations of exemption under section 206. However, " '[e]ven where judicial review is proscribed by statute, the courts have the power and the duty to make certain that [an] administrative official has not acted in excess of the grant of authority given him by statute or * * * by the legislature' " (*Matter of Affiliated Distillers Brands Corp. v State Liq. Auth.,* 24 NY2d 31, 39, quoting *Matter of Guardian Life Ins. Co. v Bohlinger,* 308 NY 174, 183). The proper court for review in such an instance is the Supreme Court, which is this State's court of general jurisdiction. The appropriateness of its jurisdiction is presumed (Siegel, NY Prac, § 8, p 10), and we see no reason to question it here. ¶ Petition dismissed, without costs, and without prejudice to petitioners' rights to commence a new proceeding in Supreme Court pursuant to CPLR 205 (subd [a]). Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.