■ In the Matter of AUGUSTINE E. ANDERSON, III, et al., Petitioners, v NATIONAL FUEL GAS SUPPLY CORPORATION, Respondent. — Application unanimously denied and petition dismissed, without costs. Memorandum: In this original proceeding petitioners seek review of the determination by respondent that it is exempt from the public hearing requirements of EDPL article 2.

The proposed acquisition involves a large underground natural gas storage facility which lies below properties owned by petitioners. It is clear that respondent is exempt from the public hearing requirements of EDPL 201 on two grounds: the proposed taking is *de minimis* (EDPL 206, subd [D]), and respondent has obtained a certificate from a governmental agency permitting it to operate and maintain the gas storage field on the subject property (EDPL 206, subd [A]).

The record indicates that the entire storage field encompasses some 12,600 acres, of which only 625 acres (the subject of these proceedings) have not been acquired by respondent. The storage caverns are located between 1,700 and 2,100 feet below ground surface, and the proposed taking does not include the surface rights nor will it interfere with the landowners' use of the surface of the land.

In 1950, after a public hearing, the Federal Power Commission (the predecessor of the Federal Energy Regulatory Commission) issued to Iroquois Gas Corporation, a subsidiary of respondent, a "certificate of public convenience and necessity" authorizing the applicant to maintain the underground gas storage facilities involved in the instant proceeding. In approving the certificate, the Commission made findings which indicate that the factors it considered were similar to those set forth in EDPL 204 (subd [B]).

The petition also asserts that respondent has no statutory jurisdiction to acquire property (EDPL 207, subd [C], par [2]). This argument is without merit. Respondent was not required to obtain the permit specified in ECL 23-1301 because it was operating the storage tanks before 1963. The Environmental

Conservation Law grants the power of acquisition to a corporation which is lawfully operating an underground storage reservoir (ECL 23-1303, subd 1), and thus respondent has the power of acquisition.

We have considered respondent's request for affirmative relief, the grant of attorney's fees against petitioners, and deny this application. (EDPL 207.) Present — Hancock, Jr., J. P., Doerr, Denman and O'Donnell, JJ.