■ In the Matter of TOWN OF COXSACKIE, Respondent, v EILEEN J. DERNIER et al., as Executrices of MABEL D. PHILLIPS, Deceased, Appellants, et al., Respondent. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered September 16, 1983 in Greene County, which granted petitioner's application, in a proceeding pursuant to EDPL 402, to obtain a permanent easement over respondents' land.

Petitioner commenced this proceeding to obtain a permanent easement across the lands of respondents for the expansion and improvement of its sanitary sewer system. Following a public hearing, petitioner issued a resolution on May 10, 1983 authorizing the establishment of a sewer improvement area (see Town Law, § 209-q). It appears that all necessary rights of way to complete the project had been acquired, except for an easement over the property of respondent Mabel D. Phillips. By verified petition dated June 14, 1983, petitioner applied for an order authorizing the filing of an acquisition map and directing an immediate vesting of title to the easement. As a basis for exemption from the requirements under EDPL article 2, petitioner stated that the acquisition was *de minimis* in nature, as determined in the May 10, 1983 resolution (EDPL 206, subd [D]). Respondent Mabel D. Phillips opposed the requested relief in her answer. Special Term granted the petition and held that petitioner was exempt from the provisions of EDPL article 2. The instant appeal by respondent Phillips ensued,* and we affirm.

Preliminarily, it is important to note that Special Term was authorized to pass upon the exemption issue. By section 6 of

---

* Respondent Phillips died prior to oral argument of this appeal. The executrices of her estate have been substituted as parties for her in this proceeding.

chapter 356 of the Laws of 1982, the Legislature amended EDPL 207 by substituting the phrase "made pursuant to section two hundred four" in place of "made pursuant to this article" in subdivision (A), and by deleting the reference to exemptions in subdivision (C). The purpose of this amendment was to correct a technical deficiency in EDPL 207 pertaining to judicial review of a condemnor's exemption claim. As noted in the concurring opinion in *Matter of Aswad v City School Dist.* (74 AD2d 972, 974 [Kane, J., concurring]), EDPL 207 (subd [A]) provided for judicial review of a condemnor's determination after a public hearing, but failed to provide for review of an exemption determination, leaving unclear when the exemption passed beyond judicial scrutiny (see, also, *County of Monroe v Morgan,* 83 AD2d 777). This problem was exacerbated by the fact that EDPL 207 (subd [B]) and 208 provided that a challenge to the validity of an exemption was within the exclusive jurisdiction of the Appellate Division. In contrast, the effect of the new legislation is to limit the broad jurisdictional mandate of EDPL 208 by, *inter alia,* removing exemption challenges from the exclusive jurisdiction of the Appellate Division (see *Matter of City of Schenectady v Flacke,* 100 AD2d 349, 352). It follows that a contestant need not commence a proceeding for judicial review under EDPL 207, but may properly challenge the exemption, as here, by way of an answer in an acquisition proceeding. Having thus concluded, we agree with Special Term that the condemnor could reasonably conclude that the acquisition was *de minimis* and, therefore, properly exempt (EDPL 206, subd [D]; see *Matter of City of Yonkers v Hvizd,* 93 AD2d 887, app dsmd 60 NY2d 821; *Matter of American Tel. & Tel. Co. v Salesian Soc.,* 77 AD2d 706, app dsmd 51 NY2d 877, mot for lv to app den 52 NY2d 701; *Matter of Incorporated Vil. of Malverne,* 70 AD2d 920). Moreover, the record establishes that petitioner properly reviewed the public benefit served by the project, the project's designated location and its effect on the locality (see EDPL 204, subd [B]; 206, subd [C]).

As noted by Special Term, the gravamen of respondent Phillips' complaint is the location of the easement across her property. She admits that raw sewage has come onto her property from adjoining premises engulfing over an acre of land. This condition manifests the necessity of the project. Nonetheless, respondent Phillips urges that the easement should pass across the front portion of her property nearest Route 9W. The record establishes that the easement design and location were selected by petitioner's engineers as the most efficient and economical means of installing the improvement. Absent a showing that the

engineers acted in bad faith or so arbitrarily as to be unreasonable, this court will not substitute its judgment for that of the condemnor as to the propriety of the route chosen (see *People v Fisher,* 190 NY 468, 477; *Matter of Dowling Coll. v Flacke,* 78 AD2d 551, 552; *Tennessee Gas Transmission Co. v Geng,* 11 Misc 2d 739, 740; *Cuglar v Power Auth.,* 4 Misc 2d 879, affd 4 AD2d 801, affd 3 NY2d 1006). Since no such showing has been made, the decision is affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.