■ SALESIAN SOCIETY, INC., Appellant-Respondent, v VILLAGE OF ELLENVILLE, Respondent, and AMERICAN TELEPHONE AND TELEGRAPH COMPANY, INC., Respondent-Appellant, et al., Defendants. In the Matter of the Acquisition of Real Property by AMERICAN TELEPHONE AND TELEGRAPH COMPANY, INC., Respondent. SALESIAN SOCIETY, INC., Appellant.—Weiss, J. Cross appeals from an order and judgment of the Supreme Court in favor of plaintiff, entered September 5, 1985 in Ulster County, upon a decision of the court at Trial Term (Bradley, J.), without a jury.

In 1958, American Telephone and Telegraph Company, Inc. (AT&T) leased two acres of land situated in Ulster County, in the vicinity of Lake Maratanza and Sam's Point, for a term of 50 years at the rental price of $2,500 for the entire term, fully paid in advance to the lessor, the Village of Ellenville (Village), AT&T constructed a long-distance communications facility on the parcel and, from time to time, improved and enhanced the capabilities of the installation and continued to occupy the premises. In 1963, Salesian Society, Inc. (Salesian)

learned that the installation was on its land and, on December 14, 1965, its attorney so notified AT&T by letter. In the arduous history of litigation that followed, this court ultimately affirmed a judgment in favor of Salesian in an action pursuant to RPAPL article 15 to determine title and for damages for trespass *(Salesian Socy. v Village of Ellenville,* 58 AD2d 711, *lv denied* 42 NY2d 810). Salesian was recognized as the rightful owner of the disputed area, but the parties stipulated to defer the assessment of damages. Thereafter, when Salesian served AT&T with eviction process, AT&T commenced condemnation proceedings pursuant to the Eminent Domain Procedure Law, culminating in a judgment authorizing AT&T to file an acquisition map *(Matter of American Tel. & Tel. Co. v Salesian Socy.,* 77 AD2d 706, *appeal dismissed* 51 NY2d 877). Thereafter, the damages issue in the trespass action and in the condemnation proceeding was ordered joined for trial, at the conclusion of which Salesian was awarded the sum of $3,000, representing the highest and best use value of the condemned parcel, and $2,500 damages as the fair market rental value of the property during the period of trespass. In addition, AT&T's claim against the Village for breach of an implied covenant of quiet enjoyment in its lease was dismissed. These cross appeals by Salesian and AT&T ensued.

The order and judgment should be affirmed. Salesian maintains that it is entitled in the condemnation proceeding to the value of the improvements made by AT&T, and not simply damages commensurate with the highest and best use of the property at the time of conversion, because AT&T entered upon the property in bad faith. In speaking to the appropriate measure of condemnation damages, this court previously observed that "[i]f [AT&T] acted *without* good faith and color of authority, the facility it erected on the land as a trespasser belongs to [Salesian]" *(Matter of American Tel. & Tel. Co. [Salesian Socy.],* 85 AD2d 816, citing *Village of St. Johnsville v Smith,* 184 NY 341 [emphasis supplied]; *see also, Whitaker v McGee,* 111 AD2d 459). The record is bereft of any evidence that the entry was in bad faith and, indeed, it demonstrates that AT&T entered into a long-term lease and paid the rent for 50 years in advance fully believing that the lessor owned the land. It was only after AT&T had already constructed its facility on the parcel that Salesian raised an issue as to title, which occasioned extensive litigation prior to resolution of the boundary line dispute between Salesian and the lessor *(Salesian Socy. v Village of Ellenville, supra).* Nor are we per-

suaded by Salesian's assertion that AT&T exercised bad faith in failing to obtain a title search and/or survey before leasing the property. AT&T was under no obligation to procure these documents absent some indication that the lessor lacked title. Salesian itself failed to obtain either a search or survey at the time it acquired fee title. It follows that Salesian was not entitled to the enhanced value of the property as damages. We further find that the damage award of $3,000 in the condemnation proceeding, representing the actual value of the highest and best use of the parcel as residential and recreational land, was proper. The only acceptable evidence of value in the record was the appraisal and testimony of the expert on behalf of AT&T, who estimated the property value at $3,000 without considering the value of the improvements on the site. The proffered testimony of Salesian's expert was properly rejected since it was not contained in an appraisal report *(see,* EDPL 508; 22 NYCRR 839.2 [d]). Since Trial Term's assessment of damages was within the range of testimony, and certainly reasonable, the condemnation award is upheld.

We similarly find no fault with the award of damages for the trespass. "The measure of damages in a trespass action is the diminution in the rental or usable value of the premises caused by the trespass, taking the property as is and as zoned" *(Eisen v County of Westchester,* 69 AD2d 895, *lv denied* 48 NY2d 602). The rental value having been evidenced by the lease in effect, the award of $2,500 as damages cannot be said to be improper. We find the cases relied upon by Salesian to support the thesis that damages should be measured by the benefit enjoyed by AT&T are inapposite. In each of those cases, there was no indication of actual monetary loss; to prevent a "premium on trespassing", damages were measured by the benefit gained by the trespassers *(De Camp v Bullard,* 159 NY 450, 454; *see, Bunke v New York Tel. Co.,* 110 App Div 241, *affd* 188 NY 600; *Lubelle v Rochester Tel. Corp.,* 70 Misc 2d 640). Here, by comparison, there was expert testimony as to the actual rental value of the land at the time of the trespass, in addition to the written lease from the Village. The proof offered by Salesian to demonstrate the value of AT&T's savings through use of this parcel was simply not credible. Accordingly, we find no reason to disturb the damage award.

Finally, since AT&T failed to prove that its possession and use of the property was disturbed by either an actual or constructive eviction, there was no breach of the covenant of quiet enjoyment implied in its lease *(see, Rajchandra Corp. v Tom Sawyer Motor Inns,* 106 AD2d 798, 801, *appeal dismissed*

65 NY2d 784). Since AT&T never surrendered or abandoned possession of the land *(see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 86), Trial Term properly dismissed its cross claim against the Village for breach of the covenant of quiet enjoyment.

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.