■ In the Matter of ROCKLAND COUNTY SEWER DISTRICT NO. 1, Respondent, v J. & J. DODGE, INC., Appellant. [618 NYS2d 433] —In a condemnation proceeding pursuant to EDPL article 4, J. & J. Dodge, Inc. appeals (1) as limited by its brief, from stated portions of an order of the Supreme Court, Rockland County (Miller, J.), dated July 1, 1994, which, *inter alia,* granted the condemnor's application without a hearing, and (2) from an order of the same court, dated August 9, 1994, which, *inter alia,* denied its motion for a stay pending appeal.

Ordered that the appeal from the order dated August 9, 1994, is dismissed as abandoned; and it is further,

Ordered that the order dated July 1, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appellant contends that the taking of its property by the condemnor for a permanent easement, without a public hearing, violated the mandates of EDPL article 2. We disagree. The Legislature has statutorily exempted a condemnor from the public hearing requirement of EDPL article 2 when, *inter alia,* pursuant to another State law, the condemnor considers and submits factors similar to those enumerated in EDPL 204 (B) to a State agency before proceeding, and obtains a license, permit, or other similar approval from the agency *(see,* EDPL 206 [A]; *see, e.g., City of Buffalo Urban Renewal Agency v Moreton,* 100 AD2d 20, 23; *County of Monroe v Morgan,* 83 AD2d 777). Here, the condemnor, as lead agency, submitted to the New York State Environmental Facilities Corporation (hereinafter the EFC) and the New York State Department of Conservation the final declaration that the project would not have a significant effect on the environment, a full environmental assessment form, and an environmental information document relating to, but not limited to, all the factors enumerated in EDPL 204 (B). The EFC reviewed the plan and specifications and gave the condemnor its approval. Thus, the condemnor has satisfied the statutory burden and was properly exempted from holding a public hearing *(see, New York State Elec. & Gas Corp. v Karas,* 85 AD2d 758, 759; *County of Monroe v Morgan, supra,* at 778).

Furthermore, EDPL 206 (D) exempts a condemnor from compliance with the hearing provisions of article 2, *inter alia,* "when in the opinion of the condemnor the acquisition is de minimis in nature so that the public interest will not be prejudiced by the construction of the project". Here, the land was not being used for commercial purposes. Nor was any evidence submitted of current plans for its development. Moreover, the easement does not require removal of any structures. That it might, at some point in the future, be developed for commercial purposes, does not cause the easement to "interfere with current land use" *(Matter of Matteson v County of Herkimer,* 94 AD2d 950). Thus, the proposed taking was properly deemed de minimis *(see, Matter of Anderson v National Fuel Gas Supply Corp.,* 105 AD2d 1097; *Town of Coxsackie v Dernier,* 105 AD2d 966, 967; *Matter of Matteson v County of Herkimer, supra; Matter of American Tel. & Tel. v Salesian Socy.,* 77 AD2d 706, 707; *cf., Matter of Marshall v Town of Pittsford,* 105 AD2d 1140).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, O'Brien and Ritter, JJ., concur. [*See,* 213 AD2d ——, Mar. 6, 1995.]