■ In the Matter of ROCKLAND COUNTY SEWER DISTRICT No. 1, Respondent, v J. & J. DODGE, INC., Appellant. [635 NYS2d 409] —In a condemnation proceeding pursuant to EDPL article 4, J. & J. Dodge, Inc., appeals (1) as limited by its brief, from stated portions of an order of the Supreme Court, Rockland County (Miller, J.), dated July 1, 1994, which, *inter alia,* granted the condemnor's application without a hearing, and (2) from an order of the same court, dated August 9, 1994, which, *inter alia,* denied its motion for a stay pending appeal. The appeals were determined by decision and order of this Court dated November 7, 1994, but by order dated December 8, 1994, reargument was granted, the decision and order dated November 7, 1994 was recalled and vacated, and the matter restored to the calendar.

Upon reargument it is

Ordered that the order dated July 1, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated August 9, 1994, is dismissed as abandoned; and it is further,

Ordered that the petitioner is awarded one bill of costs.

We granted reargument of these appeals to inquire into two threshold issues which were raised during the course of motion practice. The first of these was whether a challenge to a condemnor's determination that it was exempt from compliance with the public hearing provision of EDPL article 2 was to be heard in the Appellate Division or the Supreme Court in the first instance. If the exemption issue was determined by the Supreme Court, the second issue was whether an appeal from its order would lie to this Court. For the reasons which follow we conclude that the Appellate Division lacks jurisdiction to determine the exemption issue in the first instance, that the Supreme Court appropriately determined that issue in this proceeding pursuant to EDPL 402 (B), and that its order is appealable to this Court.

The EDPL provides that a condemnor must hold a public hearing to inform the public and to review the public use to be served by a proposed public project and the impact on the environment, unless exempt from that requirement for one or more of the reasons enumerated in EDPL 206 *(see,* EDPL art 2). As originally enacted in 1977, the EDPL provided that the Appellate Division had exclusive jurisdiction to review the

condemnor's determination and findings and, "where applicable, a determination that an acquisition is exempt from compliance with [EDPL article 2]" (EDPL 207 [C] [3], L 1977, ch 839, § 1; *County of Monroe v Morgan,* 83 AD2d 777, 778; *Matter of Aswad v City School Dist.,* 74 AD2d 972, 974). In 1982 EDPL 207 (C) (3) was amended for the specific purpose, *inter alia,* of removing the original jurisdiction of the Appellate Division to determine whether a condemnor was exempt from the public hearing and determination requirements of EDPL article 2 (L 1982, ch 356, § 6; Mem of Div of Budget, at 2, Bill Jacket, L 1982, ch 356; *Matter of City of Schenectady v Flacke,* 100 AD2d 349, 352; *Matter of Piotrowski v Town of Glenville,* 101 AD2d 654; *Matter of Town of Coxsackie v Dernier,* 105 AD2d 966, 967). By merely removing the power of the Appellate Division to determine the exemption issue in the first instance, the Legislature left unresolved the question of whether and, if so, by what court, such a determination was to be reviewed after the effective date of chapter 356 of the Laws of 1982. It has been suggested that a CPLR article 78 proceeding may be used to test an exemption determination *(see,* Mem of Dept of Environmental Conservation, Bill Jacket, L 1982, ch 356; *Matter of Piotrowski v Town of Glenville, supra,* at 655). It is our view, however, that it is also appropriate for an owner to test such an exemption determination in the proceeding the condemnor must commence in the Supreme Court for permission to acquire the property and to file an acquisition map *(see,* EDPL 402 [B]; *Matter of Town of Coxsackie v Dernier, supra,* at 967). In support of that proceeding the condemnor must present to the Supreme Court a petition containing "a copy of the condemnor's determination and findings *or a statement providing the basis of exemption from [EDPL] article 2"* (EDPL 402 [B] [3] [a] [emphasis added]). Thereafter, an owner may appear and interpose an answer challenging any "material allegation of the petition" (EDPL 402 [B] [4]). That is the route the owner chose to follow in this case. In its order dated July 1, 1994, the Supreme Court approved the acquisition, finding that under the circumstances the condemnor properly claimed exemption from the requirements of EDPL article 2.

The owner appealed from the order dated July 1, 1994, and applied to this Court for a stay. In opposing that motion the condemnor contended that the order sought to be reviewed was intermediate in nature and was not appealable citing *Gilson v Lambert* (282 App Div 1046), *Great Neck Water Auth. v Citizens Water Supply Co.* (12 NY2d 167), and *City of*

*Jamestown v Sfetko* (15 AD2d 403), and it called for dismissal of the appeal. The cases cited by the condemnor on the issue of appealability are inapposite. They were all decided under the provisions of former Condemnation Law § 19 as they existed prior to September 1, 1963, which prohibited intermediate appeals in condemnation proceedings. With the adoption of the CPLR the Legislature repealed the restriction on intermediate appeals contained in former Condemnation Law § 19 and pursuant to the recommendation of the Advisory Committee on Practice and Procedure, made orders in condemnation proceedings subject to the general provisions of the CPLR which permit appeals from most intermediate orders *(see,* L 1962, ch 310, § 74; Fourth Preliminary Report of Advisory Commn on Prac & Procedure, 1960 NY Legis Doc No. 20, at 582).

We conclude that the order under review dated July 1, 1994, is clearly appealable as of right, even though it is intermediate in nature (it directs a subsequent conference on other issues), because in overruling the owner's objections and approving the acquisition of the property, it affects a substantial right of the owner (CPLR 5701 [a] [2] [v]).

Turning to the merits, we reject the owner's contention that the taking of its property by the condemnor for a permanent easement, without a public hearing, violated the mandates of EDPL article 2. The Legislature has statutorily exempted a condemnor from the public hearing requirement of EDPL article 2 when, *inter alia,* pursuant to another State law, the condemnor considers and submits factors similar to those enumerated in EDPL 204 (B) to a State agency before proceeding, and obtains a license, permit, or other similar approval from the agency *(see,* EDPL 206 [A]; *see, e.g., City of Buffalo Urban Renewal Agency v Moreton,* 100 AD2d 20, 23; *County of Monroe v Morgan,* 83 AD2d 777, *supra).* Here, the condemnor, as lead agency, submitted to the New York State Environmental Facilities Corporation (hereinafter the EFC) and the New York State Department of Environmental Conservation the final declaration that the project would not have a significant effect on the environment, a full environmental assessment form, and an environmental information document relating to, but not limited to, all the factors enumerated in EDPL 204 (B). The EFC reviewed the plan and specifications and gave the condemnor its approval. Thus, the condemnor has satisfied the statutory burden and was properly exempted from holding a public hearing *(see, New York State Elec. & Gas Corp. v*

*Karas,* 85 AD2d 758, 759; *County of Monroe v Morgan, supra,* at 778).

Furthermore, EDPL 206 (D) exempts a condemnor from compliance with the hearing provisions of article 2, *inter alia,* "when in the opinion of the condemnor the acquisition is de minimis in nature so that the public interest will not be prejudiced by the construction of the project". Here, the land was not being used for commercial purposes. Nor was any evidence submitted of current plans for its development. Moreover, the easement does not require removal of any structures. That it might, at some point in the future, be developed for commercial purposes, does not cause the easement to "interfere with current land use" *(see, Matter of Matteson v County of Herkimer,* 94 AD2d 950). Thus, the proposed taking was properly deemed de minimis *(see, Matter of Anderson v National Fuel Gas Supply Corp.,* 105 AD2d 1097; *Town of Coxsackie v Dernier,* 105 AD2d 966, 967, *supra; Matteson v Herkimer County, supra; Matter of American Tel. & Tel. Co. v Salesian Socy.,* 77 AD2d 706, 707; *cf., Matter of Marshall v Town of Pittsford,* 105 AD2d 1140).

We have considered the owner's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Thompson and Ritter, JJ., concur.