■ In the Matter of BATH PETROLEUM STORAGE, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [663 NYS2d 719] —Mikoll, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered February 3, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a declaratory ruling by respondents.

Petitioner was the operator of an underground liquid petroleum gas (hereinafter LPG) storage reservoir containing six caverns created in underground salt formations located near the Town of Bath, Steuben County. The reservoir was constructed prior to 1963 and was continuously operating since then.

In 1995 petitioner applied to respondent Department of Environmental Conservation (hereinafter respondent) for a permit to drill a replacement well creating a new cavern (cavern No. 2A) that would be connected to the original cavern (cavern No. 2) and would result in an increase of the capacity of the cavern by approximately 72,000 barrels of LPG. Respondent ruled that this change would be a modification requiring a modification permit pursuant to ECL 23-1301 (5). Petitioner claimed that such work was exempt from permit requirements pursuant to ECL 23-1301 (3). Petitioner subsequently commenced this CPLR article 78 proceeding to annul respondent's declaratory ruling. Supreme Court dismissed the petition, finding that respondent correctly ruled that the work was a modification of the capacity of the reservoir and that petitioner was required to obtain a modification permit and pay the $5,000 fee pursuant to ECL 23-1301 (5). This appeal by petitioner ensued.

Petitioner's contention that since it was exempt from obtaining an operating permit under ECL 23-1301 (3), it was also exempt from obtaining a modification permit required by the subsequently enacted ECL 23-1301 (5), is without merit. Where, as here, interpretation of a statute is a matter of pure statutory construction dependent only on an accurate reading of legislative intent, "[w]ords of ordinary import in [the] statute are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended" (*We're Assocs. Co. v Cohen, Stracher & Bloom*, 65 NY2d 148, 151). Contrary to the finding of Supreme Court, we perceive no ambiguity in the statutory pro-

vision in dispute. The plain language of the statute as amended provides that a permit and fee are required for "a modification of the storage capacity of an existing underground storage reservoir" (ECL 23-1301 [5] [b]). The Legislature reviewed ECL 23-1301 in its entirety when the statute was amended in 1984 and was then free to exempt pre-1963 underground facilities from modification permits but did not do so, and this Court may not read such restriction into the statute of its own accord. Moreover, it is a court's duty to interpret a statute to further the statute's object, spirit and purpose (see, McKinney's Cons Laws of NY, Book 1, Statutes § 96). The Legislature's purpose in enacting ECL 23-1301 (5) was to create additional needed revenues for respondent (see, Mem in Support, Fiscal Impact, Bill Jacket, L 1984, ch 891). Thus, petitioner's proposed interpretation would be inconsistent with the legislative purpose.

Petitioner's position that the Legislature only intended to assign fees to the operating permits issuable under ECL 23-1301 (1) is of no avail. Such interpretation is inconsistent with ECL 23-1301 (5) (b) which specifically refers to the creation of a new permit or a modification permit that is to apply to "existing underground storage reservoir[s]".

Petitioner's assertion that the eminent domain provisions of the ECL, giving pre-1963 facilities the right to acquire added property by eminent domain, control the outcome here also lacks merit. Petitioner cites to *Matter of Anderson v National Fuel Gas Supply Corp.* (105 AD2d 1097) and *Iroquois Gas Corp. v Gernatt* (28 AD2d 811, *affd* 22 NY2d 694) in support of its argument, but these cases are factually distinguishable from the present case in that they predate the 1984 enactment of the modification permit provision (see, ECL 23-1301 [5]) and those cases did not address the issue presented in this case.

We have considered petitioner's other arguments for reversal and find them to be without merit.

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.