■ HOLLY WHITMAN, Appellant, v RICHARD MASTRODONATO, Respondent. [783 NYS2d 112]—

Kane, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 15, 2003 in Saratoga County, which granted defendant's motion to dismiss the complaint.

Plaintiff sustained injuries after she was attacked by her roommate in a medical institution. Defendant is a doctor and director of that institution. Plaintiff's parents, on behalf of their minor daughter, filed a negligence action against defendant and the institution. Plaintiffs in that action moved to amend the complaint to assert a medical malpractice claim. Supreme Court denied that motion with regard to defendant as untimely because the plaintiffs had been aware of the necessary facts earlier and failed to provide a satisfactory excuse for delay. After a note of issue was filed in the negligence case, plaintiff, who had then reached majority, served a summons with notice to commence the present action sounding in medical malpractice. Defendant moved for summary judgment in the negligence action and plaintiff cross-moved to consolidate the actions. The court granted defendant's motion and denied plaintiff's motion for consolidation without prejudice. After defendant received the complaint in the instant action, he moved to dismiss it on res judicata grounds. We reverse the court's judgment granting that motion.

Under New York's transactional approach to res judicata issues, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 884 [2004]). Here, although plaintiff's medical malpractice action sought recovery for the same injuries and was based on identical facts as her negligence claim, she attempted to bring the claims together in one action through amendment of the negligence complaint and a motion to consolidate the actions, each of which was denied by Supreme Court on procedural grounds. Under the circumstances of this case, the flexible res judicata doctrine should not be rigidly interpreted so as to deny plaintiff her day in court (*see Parker v Blauvelt Volunteer Fire Co., supra* at 349; *Matter of Reilly v Reid*, 45 NY2d 24, 28-29 [1978]; *Matter of American Tel. & Tel. Co. v Salesian Socy.*, 77 AD2d 706, 706 [1980], *appeal dismissed* 51 NY2d 877 [1980], *lv denied* 52 NY2d 701 [1980]).

Mercure, J.P., Spain and Lahtinen, JJ., concur. Ordered that

the judgment is reversed, on the law, with costs, and motion denied.