■ In the Matter of the INCORPORATED VILLAGE OF PATCHOGUE, Respondent, v ARTHUR SIMON, Appellant.—In a condemnation proceeding, the appeal is from an order of the Supreme Court, Suffolk County (Lama, J.), dated August 22, 1984, which granted petitioner's application for leave to file an acquisition map causing title to certain real property to vest in it.

Order affirmed, with costs.

In opposition to petitioner condemnor's application for an order permitting the filing of an acquisition map so as to vest title in it under EDPL 402, appellant-condemnee argues, *inter alia*, that the alleged failure of the petitioner's board of trustees to establish by written record that it affirmatively voted on its determination and findings to acquire his property renders the acquisition defective. Appellant further contends that petitioner's publication of its determination and findings in the "Main Street Press", the petitioner's official newspaper, without further publication in a newspaper of general circulation, is insufficient to comply with EDPL 204 (A).

Appellant's objections were not raised as part of a petition seeking judicial review in this court pursuant to EDPL article 2, §§ 207 and 208 of the condemnor's determination and findings, but, rather, were raised before Special Term by way of answer to petitioner's application for an order permitting the filing of an acquisition map pursuant to EDPL article 4. Under the EDPL, however, persons aggrieved by a condemnor's determination and findings must seek judicial review in

the Appellate Division within 30 days of the completion of the condemnor's publication thereof (EDPL 207 [A]). Except for review by the Court of Appeals, no other court possesses jurisdiction to hear and determine any matter, case or controversy which was or could have been determined by the Appellate Division under EDPL 207 (EDPL 208).

Since appellant raises objections with respect to whether the condemnor's determination and findings were made in accordance with the procedures set forth in EDPL article 2, an issue within this court's exclusive jurisdiction (EDPL 207 [C] [3]), appellant's proper recourse was to seek expeditious review by filing a petition in this court pursuant to EDPL 207. Having failed to do so, appellant may not circumvent the command of the statute with respect to the procedures governing judicial review by raising his objections within the context of an EDPL article 4 vesting proceeding before Special Term. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.