■ METROPOLITAN TRANSPORTATION AUTHORITY, Respondent, v PINELAWN CEMETERY, Also Known as PINELAWN MEMORIAL PARK AND GARDEN MAUSOLEUMS, Appellant, et al., Respondent.—In a condemnation proceeding pursuant to EDPL 402 for authorization to file an acquisition map, Pinelawn Cemetery appeals from a judgment of the Supreme

Court, Suffolk County (Cromarty, J.), entered September 17, 1986, which, *inter alia,* granted the application.

Ordered that the judgment is affirmed, with costs.

In connection with a project to electrify the Main Line of the Long Island Rail Road Company (hereinafter the LIRR) from Hicksville to Ronkonkoma, the petitioner Metropolitan Transportation Authority (hereinafter the MTA) seeks to acquire by condemnation a portion of certain property of Pinelawn Cemetery held under a 99-year lease with an option to renew. According to the MTA, the subject property, which is approximately 74 feet by 150 feet and located immediately adjacent to an existing right of way of LIRR, is needed for the construction of an electric substation. Pursuant to EDPL article 2, the MTA held a public hearing on January 30, 1986, and thereafter, on February 28, 1986, it issued its determination and findings pursuant to EDPL 204, which included the following statement: "The parcel was selected for the following reasons: Accessibility to and from Wellwood Avenue; the parcel is adjacent to the railroad right-of-way; underutilization (property is vacant and contains no graves or burial sites); minimization of construction and maintenance costs, minimization of adverse impact on the current and future use of the parcel; and minimization of impact on the community, including the surrounding cemeteries".

Although EDPL 207 provides for judicial review by the appropriate Appellate Division of the condemnor's determinations and findings, Pinelawn Cemetery failed to pursue this remedy. Subsequently, the MTA commenced the instant proceeding under EDPL 402 for authorization to file an acquisition map to obtain title to the property, and filed a notice of pendency against the property. In response, Pinelawn Cemetery interposed an answer alleging, *inter alia,* on information and belief, that the MTA intended to utilize at least part of the land to be condemned for the purpose of access roads and streets to the electric substation. Pinelawn Cemetery claimed that the MTA had no authority to condemn the subject property because it failed to obtain the requisite consent provided under Not-For-Profit Corporation Law § 1506 (k) which states the following: "Streets or highways not to be laid out through certain cemetery lands. So long as the lands of a rural cemetery corporation organized under the act entitled 'An act authorizing the incorporation of rural cemetery associations,' constituting chapter one hundred thirty-three of the laws of eighteen hundred forty-seven, and the acts amendatory thereof, shall remain dedicated to the purpose of a

cemetery, no street, road, avenue or public thoroughfare shall be laid out through such cemetery, or any part of the lands held by such association for the purposes aforesaid, without the consent of the trustees of such association and the cemetery board". Pinelawn Cemetery also alleged that the MTA's action violated its right under the United States Constitution because it impaired its right to quiet enjoyment of the premises. Samuel N. Greenspoon, Director and General Counsel of Pinelawn Cemetery, submitted an affidavit in opposition to the petition, in which he asserted that MTA would place an access road on the subject parcel. He pointed out that during prior negotiations between Pinelawn Cemetery and the MTA for the exchange of land, the MTA delivered a map showing an access road to the proposed substation.

In a responding affidavit, the MTA's Director of Capital Construction, Region II in charge of the project, admitted that negotiations did go on at one point between the MTA and Pinelawn Cemetery but an agreement was never reached. He also conceded that the MTA's original plans were to locate an access road partially on Pinelawn Cemetery's property, but denied that the present plans included the construction of such a road, stating unequivocally that: "A change in the plan was made in order to place the entire driveway exclusively on the existing LIRR right of way".

The court rejected Pinelawn Cemetery's contentions and granted the MTA's petition, noting that Pinelawn Cemetery could have previously challenged the MTA's determination and findings after the public hearing pursuant to EDPL 207. Since Pinelawn Cemetery raises objections with respect to whether "the proposed acquisition is within the [MTA's] statutory jurisdiction or authority" (EDPL 207 [C] [2]), the proper recourse was for it to seek expeditious review by bringing a proceeding in this court under EDPL 207. EDPL 208 states that, "no court of this state shall have jurisdiction to hear and determine any matter, case or controversy concerning any matter which was or could have been determined in a proceeding under [article 2]". Having failed to timely raise this objection, Pinelawn Cemetery "may not circumvent the command of the statute with respect to procedures governing judicial review by raising [this] objection * * * within the context of an EDPL article 4 vesting proceeding" (*Matter of Incorporated Vil. of Patchogue v Simon,* 112 AD2d 374, 375, *lv denied* 66 NY2d 605).

In any event, we find no evidence in the record to support Pinelawn Cemetery's conclusory allegations that the MTA

intends to construct an access road. Thus, Not-For-Profit Corporation Law § 1506 (k) is inapplicable and does not bar the subject condemnation in the absence of the MTA obtaining the statutorily required consent. Further, there is also no merit to Pinelawn Cemetery's claim that the condemnation violates its right to quiet enjoyment of the premises and violates the constitutional prohibition against impairment of contracts *(see, Dolman v United States Trust Co.,* 2 NY2d 110, 114). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.