■ In the Matter of UAH-BRAENDLY HYDRO ASSOCIATES, Respondent, v RKDK ASSOCIATES, Appellant, et al., Respondent.—In an eminent domain proceeding pursuant to EDPL 402, the condemnee RKDK Associates appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered December 17, 1986, which (1) granted the petition to acquire the property, (2) directed filing of an acquisition map, and (3) dismissed the answer.

Ordered that the judgment is reversed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing limited to the issues raised in the third affirmative defense in the answer and the general denials of paragraphs 2 and 3 of the petition as set forth in paragraph 2 of the answer, and for a new determination based upon a resolution of those issues.

The petitioner condemnor holds a license from the Federal Energy Regulatory Commission to construct, operate and maintain a hydroelectric facility on certain land owned by the appellant condemnee. By virtue of the power of eminent domain vested under the license, the condemnor brought a proceeding under EDPL 402 to acquire title to that portion of the condemnee's land specified in the license.

The power of the condemnation court to entertain claims raised by the pleadings in a condemnation proceeding is limited to matters of procedural compliance not within the scope of review by the Appellate Division of the Supreme Court (EDPL 207, 402 [B] [5]). As an affirmative defense, the condemnee contends that the proposed acquisition map delineates a land area greater than that specified as "project" area under the condemnor's license. This assertion presents a factual question which was properly raised in the condemnation court and warrants a hearing.

The challenge to the condemnor's compliance with ECL

article 8, asserted as an affirmative defense, can be judicially reviewed only in a proceeding brought in the Supreme Court pursuant to CPLR article 78 *(Pizzuti v Metropolitan Tr. Auth., 67 NY2d 1039).*

All other issues raised in the answer are within the ambit of EDPL 207 and could have been reviewed by the Appellate Division upon a petition brought within 30 days after completion of publication of the condemnor's determination and findings. Having failed to timely bring such a petition, the condemnee cannot assert those issues in the condemnation court (EDPL 208). Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.