■ In the Matter of the Acquisition of Real Property by BROOME COUNTY, Respondent, and BROOME COUNTY RESOURCE RECOVERY AGENCY, Intervenor-Respondent. SHELDON E. HAVTUR et al., Appellants.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court (Fischer, J.), entered October 18, 1988 in Broome County, which granted petitioner's application, in a proceeding pursuant to EDPL 402, for acquisition of respondents' real property, and (2) from an order of said court, entered February 8, 1989 in Broome County, which denied respondent's motion, *inter alia,* for renewal.

Subsequent to public hearings held on January 28, 1988 and May 4, 1988 pursuant to EDPL article 2, petitioner by action of its County Legislature adopted Resolution No. 267, which adopted a determination and findings regarding a mass-burn incinerator to be operated by the Broome County Resource Recovery Project Manager. The findings included an analysis of the public use, as well as the benefit and purpose to be served by the facility. The findings also included the reasons for the selection of respondents' real property as part of the site of the facility. The Legislature also determined that petitioner should exercise its power of eminent domain to acquire the subject real property.

Accordingly, on July 29, 1988 petitioner filed an application to acquire certain real property owned by respondents Sheldon E. Havtur and Elsa Ann Havtur[1] located in the Town of Kirkwood, Broome County. On August 30, 1988, respondents submitted an answer in which they alleged, *inter alia,* that they had been denied the opportunity to challenge the public nature of the facility and its placement.[2] On October 18, 1988, upon application of petitioner, Supreme Court granted an order vesting title of the subject realty in petitioner upon the filing of an acquisition map describing such property in the office of the County Clerk. Respondents' motion for reargu-

1. New York State Electric & Gas, New York Telephone Company and United States Bankruptcy Court also were named as respondents, but were never served or appeared in this proceeding. The Havturs shall hereinafter be referred to as respondents.

2. Respondents also filed a petition for removal of the proceeding to the United States District Court for the Northern District of New York. District Court remanded the proceeding to Supreme Court, stating that it lacked jurisdiction.

ment or renewal was denied by order dated February 6, 1989. These appeals ensued.[3]

We affirm. Supreme Court properly rejected respondents' contentions and granted the relief sought in the petition, having advised counsel for respondents at oral argument that the relief sought in their answer could only be obtained in the Appellate Division pursuant to the provisions of the EDPL. Because respondents' answer raised constitutional questions as to petitioner's authority to acquire lands for purposes of their public project in contravention of respondents' right to equal protection, jurisdiction to resolve such issues rests exclusively in the appropriate Appellate Division (see, *Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718, 720). EDPL 208 expressly provides, "Except as expressly set forth in section two hundred seven * * * no court of this state shall have jurisdiction to hear and determine any matter, case or controversy concerning any matter which was or could have been determined in a proceeding under this article." EDPL 207 (A) provides, "Any person * * * aggrieved by the condemnor's determination and findings * * * may seek judicial review * * * by the appellate division".

Next, respondents failed to timely raise their objections to the constitutionality of the condemnation proceeding (see, *Metropolitan Transp. Auth. v Pinelawn Cemetery,* 135 AD2d 686, 688). EDPL 207 (A) states that a party aggrieved by a condemnor's determination and findings must seek judicial review by the appropriate Appellate Division "within thirty days after the condemnor's completion of its publication of its determination and findings pursuant to section two hundred four herein" (see, *Matter of Incorporated Vil. of Patchogue v Simon,* 112 AD2d 374, 375, *lv denied* 66 NY2d 605). Respondents have not sought expeditious review of their objections by filing a petition with this court pursuant to EDPL 207. Therefore, respondents may not now seek review of their objections in this court.

Finally, because Supreme Court properly found that it did not have jurisdiction to hear and determine respondents' challenge to the petition, it properly denied their motion for renewal.

Orders affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

■ In the Matter of STEVEN VITIELLO, Petitioner, v THOMAS

---

3. Broome County Resource Recovery Agency, which was deeded the subject real property by petitioner, was allowed to intervene in this appeal.