■ In the Matter of CITY OF NEW ROCHELLE, Respondent, v O. MUELLER, INC., et al., Respondents, and RICHARD WEISS et al., Appellants. [594 NYS2d 301] —In a condemnation proceeding pursuant to EDPL article 4 for authorization to file an acquisition map, Richard Weiss and Robert O. Corini appeal from a judgment of the Supreme Court, Westchester County (Palella, J.), dated June 11, 1990, which, inter alia, granted the application.

Ordered that the judgment is affirmed, with costs to the petitioner; and it is further,

Ordered that the appellants and the petitioner's attorney are directed to appear at this Court on March 24, 1993, at 12:00 noon, to be heard, pursuant to 22 NYCRR 130-1.1 (c),

upon the issue of the imposition of appropriate sanctions and costs, if any, against the appellants.

The subject of this condemnation proceeding is a commercial building located at 245 Huguenot Street in the City of New Rochelle. The appellants Richard Weiss and Robert O. Corini are attorneys who rent a portion of the subject premises for use as a law office. On December 13, 1988, the New Rochelle City Council enacted a resolution authorizing the City of New Rochelle to acquire the Huguenot Street property by condemnation in order to construct an urban renewal project. The City thereafter commenced this proceeding pursuant to EDPL 402 for authorization to file an acquisition map to obtain title to the subject property. Approximately 13 months later, the appellants filed an answer, alleging, *inter alia,* that the City's application should be denied because it had failed to comply with the requirements of EDPL 402 (B). In support of this assertion, the appellants claimed that the City had announced its intention to downscale the proposed urban renewal project, and that this change in the project's scope necessitated a second public hearing. The City subsequently moved for summary judgment dismissing the appellants' affirmative defenses, and the Supreme Court granted the motion, noting that the appellants had failed to bring an application seeking review of the City's determination in accordance with EDPL article 2. We now affirm.

Pursuant to EDPL 207 (A), persons aggrieved by a condemnor's determination and findings must seek judicial review in the appropriate Appellate Division within 30 days after "the condemnor's completion of its publication of its determination and findings". This Court has exclusive original jurisdiction to hear and determine a condemnee's objections *(see,* EDPL 207 [B]; *Matter of Farmington Access Rd.,* 156 AD2d 936; *Matter of Incorporated Vil. of Patchogue v Simon,* 112 AD2d 374). Having failed to comply with the requirements of EDPL 207 by filing a timely petition for review of the condemnor's determination in this Court, the appellants " 'may not circumvent the command of the statute with respect to procedures governing judicial review by raising [their] objection * * * within the context of an * * * article 4 vesting proceeding' " *(Metropolitan Transp. Auth. v Pinelawn Cemetery,* 135 AD2d 686, 688, citing *Matter of Incorporated Vil. of Patchogue v Simon, supra,* at 375; *see also, Matter of Broome County [Havtur],* 159 AD2d 790; *Matter of Farmington Access Rd., supra).*

Moreover, upon our review of the record, we find that the instant appeal so obviously lacks merit in either fact or law

that it must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). In this regard, we note that the appellants pursued this appeal although they were on notice that they had failed to file a timely petition for review in the proper court, and despite the fact that the building which is the subject of this proceeding has apparently been demolished. Accordingly, the appellants and the petitioners' attorney are directed to appear at this Court on March 24, 1993, at 12:00 noon to be heard on the issue of whether appropriate sanctions or costs should be imposed upon the appellants pursuant to 22 NYCRR 130-1.1 (c), and if so, in what amount. Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.