■ In the Matter of 922-932 WEST BEECH CORP., Appellant, v CITY OF LONG BEACH, Respondent. [675 NYS2d 317] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a resolution of the City Council of the City of Long Beach which condemned the petitioner's property, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered October 9, 1996, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

This proceeding, which challenged the condemnation of the petitioner's property by the respondent, the City of Long Beach, was improperly commenced in the Supreme Court and was, in any event, untimely (*see*, EDPL 207). The Supreme Court therefore properly dismissed the proceeding.

There is no merit to the petitioner's assertion that this proceeding is viable because it seeks review of the respondent's determination under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). A proceeding by a property owner to contest the condemnation of its property, including any related challenge the property owner may have under SEQRA, is required to be commenced in the Appellate Division within 30 days after the condemnor's completion of publication of its determination and findings whereby the property was condemned (*see*, EDPL 207 [A]; [C] [3] [as amended by L 1991, ch 356, § 1]). The petitioner may not circumvent the strictures of this statute, including its timeliness provision, in the context of a CPLR article 78 proceeding, commenced in the Supreme Court, alleging improper SEQRA review by the respondent (*see*, CPLR 217; *Matter of Lebow v Village of Lansing Planning Bd.*, 151 AD2d 865; *see also, Matter of City of New Rochelle v O. Mueller, Inc.*, 191 AD2d 435, 436; *Metropolitan Transp. Auth. v Pinelawn Cemetery*, 135 AD2d 686, 688). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.