■ In the Matter of EAST HARLEM BUSINESS AND RESIDENCE ALLIANCE, INC., et al., Petitioners, v EMPIRE STATE DEVELOPMENT CORP. et al., Respondents. [709 NYS2d 174] —Application pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jeffrey Atlas, J.], entered on or about November 10, 1999) to compel respondents' compliance with the State Environmental Quality Review Act (SEQRA) and the Uniform Land Use Review Procedure, and for a declaration that the condemnation of petitioners' property violates their constitutional rights, unanimously dismissed, without costs.

The proceeding was improperly commenced in Supreme Court, and is also untimely. Under EDPL 207, a proceeding by a property owner to challenge the acquisition of his or her property by eminent domain, including any related claims under the State Environmental Quality Review Act, is required to be commenced in the Appellate Division within 30 days after the condemnor's completion of its publication of its determination and findings condemning the property. The strictures of this statute, including its 30-day Statute of Limitations, cannot be circumvented by bringing an article 78 proceeding in

Supreme Court claiming that the condemnation proceeding was tainted by improper SEQRA review (*Matter of 922-932 W. Beech Corp. v City of Long Beach*, 253 AD2d 465). Moreover, petitioners never served the documents required to commence the proceeding properly. So much of the petition as claims a violation of the Uniform Land Use Review Procedure has been abandoned by petitioners, no argument thereon being made in their brief (*see, Matter of Pessano*, 269 App Div 337, 341, *affd* 296 NY 564).

Motion seeking withdrawal of certain claims denied and cross motions seeking to dismiss the proceeding granted. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Lerner and Friedman, JJ.