In the Matter of CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY, Appellant, Relative to Acquiring Title to Real Property in the City of Syracuse for a Project Known as Carousel Landing. EXXONMOBIL OIL CORPORATION, Respondent. [774 NYS2d 242]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered March 11, 2003 in a proceeding pursuant to EDPL article 4. The order granted the petition in part and denied petitioner's motion to dismiss the affirmative defenses in part.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating subparagraph No. 6 of the ordering paragraph and as modified the order is affirmed without costs.

Memorandum: In this proceeding commenced pursuant to EDPL article 4, petitioner, City of Syracuse Industrial Development Agency (SIDA), appeals from an order of Supreme Court directing, inter alia, that, "[u]pon the filing and entry of the Acquisition Order, together with the Acquisition Map with the

Onondaga County Clerk's Office and depositing the Bond, title to [respondent's] property shall vest in [SIDA], together with the legal right of possession." The court sua sponte made SIDA's legal right of possession subject to respondent's "right of continuing access" to the property (Access Order) for the purpose of complying with a consent order of the State Department of Environmental Conservation requiring respondent to clean up petroleum contamination on the site. The Access Order is to remain in effect until respondent completes its remediation or until further order of the court.

We agree with SIDA that the court erred in directing that the condemned property be subject to the Access Order, and we therefore modify the order accordingly. The court thereby limited the property interests to be acquired by SIDA by making the acquisition subject to a continuing easement and thus exceeded its authority under EDPL 402 (B). Pursuant to section 402 (B), "[i]n all acquisitions under supreme court jurisdiction provided in [EDPL 501 (B)], the condemnor, prior to filing an acquisition map within the time prescribed by [EDPL 401], shall obtain an order to acquire such property and for permission to file such map by presentation of a verified petition to the supreme court in the judicial district where the real property to be acquired or any part thereof, is situated, in accordance with the [statutorily prescribed] procedure . . ." Such procedure generally involves the filing, service and publication of various documents, including a property description and an acquisition map delineating the property and interests sought to be appropriated, as well as the aforementioned petition seeking an order vesting title in the condemnor in accordance therewith (*see* EDPL 402 [B] [1]-[3]).

EDPL 402 (B) (5) provides that, upon the return date of the petition, "upon . . . proof to its satisfaction that the procedural requirements of this law have been met, *the court shall direct the immediate filing and entry of the order granting the petition* . . . Upon the filing of the order and the acquisition map, *the acquisition of the property in such map shall be complete and title to such property shall then be vested in the condemnor*" (emphasis added). Thus, it has been stated that "[t]he power of the condemnation court to entertain claims raised by the pleadings in a condemnation proceeding is limited to matters of procedural compliance not within the scope of review by the Appellate Division of the Supreme Court (EDPL 207, 402 [B] [5])" (*Matter of UAH-Braendly Hydro Assoc. v RKDK Assoc.,* 138 AD2d 493, 493 [1988]). "On the return of an application for permission to file an acquisition map and for an order to acquire

the property . . ., the court must grant the petition if it finds that all of the procedural requirements of the statute have been met" (*City of Buffalo Urban Renewal Agency v Moreton*, 100 AD2d 20, 22 [1984]; *see Matter of County of Dutchess v Kendall*, 130 AD2d 491, 492 [1987]). "Once the property has been acquired, any claims arising from that acquisition, such as the determination of just compensation, would be decided in a valuation trial pursuant to article 5 (EDPL 501)" (*Matter of City of New York [Jamaica Water Supply Co.]*, 158 Misc 2d 378, 391 [1993]).

We thus conclude that the court is without authority to order that SIDA's right of possession is subject to an easement of access giving respondent a continuing right to reenter and reoccupy the property. It is for the condemnor to delineate the scope of the acquisition, subject only to its obligation to pay just compensation. Indeed, we note that the consequence of an order granting a petition to acquire title to real property by right of eminent domain is the extinguishment, as opposed to the creation, of an easement of access over the property (*see Matter of Ossining Urban Renewal Agency v Lord*, 39 NY2d 628, 630-631 [1976]).

We have reviewed SIDA's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.