In the Matter of the Acquisition of Real Property by the CITY OF ALBANY. CITY OF ALBANY, Respondent; ELDA C. ABATE, Appellant, et al., Respondents. [779 NYS2d 632]—

Peters, J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 13, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to EDPL article 4, for the acquisition by condemnation of certain real property.

In September 2001, respondent Elda C. Abate (hereinafter respondent)[1] was notified by petitioner's Department of Fire Emergency and Building Services that the property she owned in the City of Albany, formerly known as St. Joseph's Church,

1. The record reflects that her daughter, respondent Elda Abate, was a co-owner of the subject property.

was found to be "unsound and structurally unstable." Respondent was ordered to vacate the building and correct all deficiencies within 30 days; no such action was taken. A December 20, 2001 structural engineering report by R. Russell Reeves, a civil, structural and environmental engineer, precipitated a declaration by petitioner's Public Safety Commissioner, pursuant to City of Albany Code § 133-55 (A), (B), that the property was unsafe. Barricades were erected and emergency stabilization work was performed by petitioner to prevent further structural deterioration and catastrophic failure.[2]

By updated report dated December 11, 2002, Reeves opined that after 10 months of monitoring, structural elements had progressed to a "dynamic failure" mode. After detailing the emergency stabilization efforts made to date, Reeves cautioned that "[b]ecause of life safety issues and the various problems that I have observed . . . this building is to be considered a *hazardous situation*." He proposed that "[a]ccess . . . be restricted to engineering construction forces and emergency service personnel only."

Petitioner initiated this proceeding, pursuant to EDPL 402 (B), to acquire title to the property for the purpose of emergency stabilization and historic preservation. Petitioner also contended that it qualified for an exemption to public hearing requirements (*see* EDPL 206 [D]); respondent and her daughter, respondent Elda Abate, never interposed a verified answer (*see* EDPL 402 [B] [4]; *Matter of Rockland County Sewer Dist. No. 1 v J. & J. Dodge,* 213 AD2d 409, 410 [1995]).[3] Instead, on the return date, their counsel submitted an affirmation in opposition to petitioner's request to be exempt from the public hearing requirements and requested additional time to submit contrary expert proof. He represented that he was unsuccessful in his attempt to acquire a structural evaluation report of the property which was completed six months earlier; counsel could only speculate that such report was favorable. Counsel further represented that he spoke with a stone mason who also disagreed with Reeves' conclusions. No affidavits from these "experts" were proffered. Although counsel contended that, had access to the premises been permitted sufficient documentation would have been presented, he could not specify any date when access to the building was requested and denied. Supreme Court, finding that petitioner had fully satisfied all procedural

2. As of August 8, 2002, petitioner spent over $230,000 to stabilize the property.

3. The County of Albany, also a respondent, did submit an answer which did not challenge the merits of the petition.

requirements, including its request to be exempt from the public hearing requirements, issued the order of condemnation. This appeal by respondent only ensued.

Respondent contends that Supreme Court erred in dispensing with a public hearing. We disagree. Petitioner's verified petition conformed with all of the requirements mandated by EDPL 402 (B) (3), further including Reeves' affidavit and his December 2002 project report as the basis for its request for an exemption. With petitioner's further compliance with the specific procedural requirements dictated by EDPL 402, Supreme Court properly granted petitioner's application for an order of condemnation without a hearing (*see* EDPL 402 [B] [5]; *Matter of City of Syracuse Indus. Dev. Agency,* 5 AD3d 1114, 1115 [2004]; *City of Buffalo Urban Renewal Agency v Moreton,* 100 AD2d 20, 23 [1984]). Contrary assertions, without more, that there was no emergency different from petitioner's prior declaration thereof were properly rejected (*see Matter of Incorporated Vil. of Malverne,* 70 AD2d 920, 921 [1979]; *see generally Yonkers Racing Corp. v City of Yonkers,* 858 F2d 855 [1988], *cert denied* 489 US 1077 [1989]).

Hence, with "the condemnor [vested with] broad discretion in deciding what land is necessary to fulfill [the public] purpose" (*Matter of Rafferty v Town of Colonie,* 300 AD2d 719, 723 [2002]), we reject any further contention challenging the magnitude of the order of condemnation. Having found full support for the determination that petitioner, under EDPL 206 (D), is exempt from a public hearing and that the application, in compliance with the provisions of EDPL article 4, is necessary to protect the public's interest in the health, safety and welfare of the community, we affirm.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.