SECOND DEPARTMENT, JANUARY, 2008

(January 8, 2008)

■ HANZ ANDRE et al., Respondents, v CITY OF NEW YORK et al, Appellants. (And Another Title.) [850 NYS2d 148]—

In an action, inter alia, in effect, to enjoin the defendant City of New York from transferring certain transit operations to the defendant Metropolitan Transportation Authority and for a judgment declaring that the defendants entered into certain contracts in violation of statutory competitive bidding requirements, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated August 18, 2005, as (a) granted the plaintiffs' motion for a preliminary injunction enjoining it from transferring the operation of certain bus lines to the defendant Metropolitan Transportation Authority and directing it to restore to the claims processing departments of certain private bus companies the claims processing services which had been transferred to the defendant AIG Claim Services, Inc., (b) denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it,

and (c) denied the separate motion of the defendant Metropolitan Transportation Authority pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against that defendant, the defendant Metropolitan Transportation Authority separately appeals, as limited by its notice of appeal and brief, from so much of the same order as granted the plaintiffs' motion for a preliminary injunction and denied its motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it, and the defendant AIG Claim Services, Inc., separately appeals, as limited by its brief, from so much of the same order as granted the plaintiffs' motion for a preliminary injunction. By decisions and orders on motions dated September 14, 2005, and September 22, 2005, respectively, this Court stayed enforcement of so much of the order as granted the preliminary injunction pending the hearing and determination of these appeals.

Ordered that the appeal by the defendant City of New York from so much of the order as denied the motion of the defendant Metropolitan Transportation Authority to dismiss the amended complaint insofar as asserted against that defendant is dismissed, as the defendant City of New York is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeals from so much of the order as granted the plaintiffs' motion for a preliminary injunction enjoining the defendant City of New York from transferring the operation of certain bus lines to the defendant Metropolitan Transportation Authority and directing it to restore to the claims processing departments of certain private bus companies the claims processing services which had been transferred to the defendant AIG Claim Services, Inc., are dismissed as academic; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the motion of the defendant City of New York which was to dismiss the amended complaint insofar as asserted against it is granted, and the motion of the defendant Metropolitan Transportation Authority to dismiss the amended complaint insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants City of New York and Metropolitan Transportation Authority payable by the plaintiffs.

In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for a preliminary injunction enjoining the defendant City of New York from transferring the operation of certain bus lines from

private bus companies to the defendant Metropolitan Transportation Authority (hereinafter the MTA). In addition to operating the bus lines, the private bus companies had performed certain claims processing work. The City had transferred this claims processing work to the defendant AIG Claim Services, Inc. (hereinafter AIG). The order appealed from also directed that this work be transferred back to the claims processing departments of the private bus companies. Moreover, the Supreme Court denied the MTA's motion and that branch of the City's motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a). Thereafter, by decisions and orders on motions dated September 14, 2005, and September 22, 2005, respectively, this Court stayed enforcement of so much of the order as granted the preliminary injunctive relief pending the hearing and determination of these appeals.

During the stay of enforcement, the City transferred the operation of the bus lines to the MTA and the private bus companies went out of business. Thus, as correctly conceded by all parties to these appeals, the appeals from so much of the order as granted the plaintiffs a preliminary injunction enjoining the City from transferring the operation of the bus lines to the MTA and directing the City to restore the claims processing work to the private bus companies, have been rendered academic in light of the parties' conduct during this Court's stay of enforcement of those portions of the order (see Matter of Hearst Corp. v Clyne, 50 NY2d 707 [1980]; American Prescription Plan v American Postal Workers Union AFL-CIO Health Plan, 170 AD2d 471 [1991]). Additionally, the appeals from those portions of the order have been rendered academic in light of our determination dismissing the action (see Andre v City of New York, 47 AD3d 605 [2008] [decided herewith]). Accordingly, the appeals from those portions of the order must be dismissed.

The Supreme Court erred in denying those branches of the separate motions of the City and the MTA which were to dismiss the causes of action for specific performance of the 1975 agreement. The doctrine of primary jurisdiction bars this relief in this action (see Heller v Coca-Cola Co., 230 AD2d 768, 768-769 [1996]). Not only is the United States Department of Labor authorized to determine whether the plaintiffs have substantive rights under the 1975 agreement, but that issue is pending before it in an arbitration proceeding initiated by the plaintiffs.

The Supreme Court also erred in denying those branches of the separate motions of the City and the MTA which were to dismiss the causes of action alleging that the City entered into contracts with the MTA and AIG in violation of statutory com-

petitive bidding requirements. The City's contract with the MTA to operate the bus lines at issue is excepted from competitive bidding requirements (*see* General Municipal Law §99-r; Mem in Support, Bill Jacket S4228-A, A6884-a, L 1991, ch 637, at 8; McKinney's Statutes § 341). Likewise, competitive bidding requirements are inapplicable to the procurement of insurance policies providing for the processing of claims thereunder by AIG (*see Matter of Lynd v Heffernan*, 286 App Div 597, 598 [1955]).

Those branches of the separate motions of the City and the MTA which were to dismiss the causes of action seeking injunctive relief and specific performance of the operating assistance agreements should have been granted as those causes of action have also been rendered academic.

To the extent that AIG argues that the amended complaint should have been dismissed insofar as asserted against it, such contention is not properly before this Court as AIG made no motion in the Supreme Court to dismiss the amended complaint pursuant to CPLR 3211 and the order appealed from does not decide that issue. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur. [*See* 10 Misc 3d 361 (2005).]