■ HANZ ANDRE et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents, et al., Defendant. (And Another Title.) [850 NYS2d 146]—In an action, inter alia, in effect, to enjoin the defendant City of New York from transferring certain transit operations to the defendant Metropolitan Transportation Authority and for a judgment declaring that the defendants entered into certain contracts in violation of statutory competitive bidding requirements, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated July 25, 2006, as denied its motion for leave to renew and reargue, among other things, its prior motion to dismiss the amended complaint insofar as asserted against it, which had been denied in a prior order of the same court dated August 18, 2005, and denied its separate cross motion for summary judgment dismissing the amended complaint insofar as asserted against it, the defendant AIG Claim Services, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the amended complaint insofar as asserted against it, and the plaintiffs cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned and as academic in light of our determination in *Andre v City of New York*, 47 AD3d 602 [2008] [decided herewith]); and it is further,

Ordered that the appeal by the defendant City of New York is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant AIG Claim Services, Inc., on the law, the cross motion of the defendant AIG Claim Services, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it is granted, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate declaratory judgment in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the defendant AIG Claim Services, Inc., payable by the plaintiffs.

The plaintiffs' cross appeal must be dismissed as abandoned, since, in their brief, they did not seek reversal of that portion of the order by which they are aggrieved, namely, the denial of their motion for summary judgment. The appeal by the defendant City of New York from so much of the order as denied that branch of its motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Reshevsky v United Water N.Y., Inc.*, 46 AD3d 532 [2007]). Furthermore, the City's appeal from so much of the order as denied that branch of its motion which was for leave to renew and denied its separate cross motion for summary judgment must also be dismissed as academic in light of our determination in *Andre v City of New York* (47 AD3d 602 [2008] [decided herewith]), granting that branch of the City's motion which was pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it. Likewise, because of our determination in *Andre v City of New York* (47 AD3d 602 [2008] [decided herewith]), the denial of the cross motion of the defendant AIG Claim Services, Inc. (hereinafter AIG), for summary judgment dismissing the amended complaint insofar as asserted against it must be reversed and that cross motion should have been granted.

Since this is, in part, a declaratory judgment action and summary judgment is being granted, we remit the matter to the Supreme Court, Queens County, for entry of a judgment declaring that the City's transfer of claims processing services to AIG was not in violation of statutory competitive bidding requirements (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.