Kane, J.
Appeal from an order of the Supreme Court (Dawson, J.), entered February 22, 2008 in Essex County, which, among other things, granted defendants’ cross motion for summary judgment dismissing the complaint.
In a prior proceeding pursuant to EDPL 207 (A), this Court held that defendant Phillip Heustis, highway superintendent for defendant Town of Ticonderoga, exceeded his authority when he condemned plaintiffs property, purportedly as an exercise of eminent domain (Matter of Hargett v Town of Ticonderoga, 35 AD3d 1122 [2006], Iv denied 8 NY3d 810 [2007]). Plaintiff commenced this action, pursuant to EDPL 702 (B), seeking reimbursement for legal costs and expenses incurred during, and leading up to, the prior proceeding. Supreme Court denied plaintiffs motion for summary judgment and granted defendants’ cross motion for summary judgment dismissing the complaint, prompting plaintiffs appeal.
Initially, Supreme Court had subject matter jurisdiction over this case. Supreme Court is the state’s court of general jurisdiction and is presumed to have jurisdiction unless there is some *1017 reason to question it (see NY Const, art VI, § 7; Matter of Piotrowski v Town of Glenville, 101 AD2d 654 [1984]). The issues raised herein could not have been previously considered by this Court, as the original jurisdiction of this Court is statutorily limited (see EDPL 207 [C]; Matter of Hargett v Town of Ticonderoga, 35 AD3d at 1123).
Pursuant to EDPL 702 (B), plaintiff is entitled to recoup her reasonable counsel fees related to the condemnation proceedings. To gain title to property through eminent domain, a condemnor must follow a two-step process (see Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 543 [2006]). First, pursuant to EDPL article 2, the condemnor must determine to condemn the property through a hearing, findings procedure or authorized alternative procedure (see EDPL 203, 204, 206). “Second, pursuant to EDPL article 4, the condemnor must seek the transfer of title to the property by commencing a judicial proceeding known as a vesting proceeding” (Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d at 543). Here, defendants held a hearing and determined to condemn plaintiffs property, satisfying the first step, but never reached the second step due to this Court’s annulment of the original determination.
While the Appellate Division may only consider four specific questions delineated by statute when reviewing a proposed acquisition after the first step (see EDPL 207 [C]), the question before the trial court in the second step is mainly limited to the value of the condemned property. One of the delineated questions under the first step is whether “the proposed acquisition is within the condemnor’s statutory jurisdiction or authority” (EDPL 207 [C] [2]). As conceded by defendants at oral argument, if that question is not raised before the Appellate Division by a challenge to the condemnor’s actions under EDPL article 2, the 30-day statute of limitations bars the condemnee’s objections to that issue and it cannot be raised in an ensuing vesting proceeding (see EDPL 207 [A]; see also Matter of City of New Rochelle v O. Mueller, Inc., 191 AD2d 435, 436 [1993]; Matter of Broome County [Havtur], 159 AD2d 790, 791 [1990], appeal dismissed 76 NY2d 771 [1990], lv denied 76 NY2d 709 [1990]; Matter of Incorporated Vil. of Patchogue v Simon, 112 AD2d 374, 374-375 [1985], Iv denied 66 NY2d 605 [1985]). Thus, in providing for costs and counsel fees after “a court of competent jurisdiction determines that the condemnor was not legally authorized to acquire the property,” EDPL 702 (B) can only be authorizing an award of such costs and fees related to a decision by the Appellate Division under EDPL 207. In fact, *1018 counsel fees related to the value of the property—the only substantial question in the second step—are provided for in a separate statute, EDPL 701.
Based upon our interpretation of the statutes, we disagree with the Second Department’s decision in Matter of 49 WB, LLC v Village of Haverstraw (44 AD3d 226, 245-246 [2007]) and its narrow reading of the EDPL. Under EDPL 702 (B), plaintiff is entitled to reimbursement for her reasonable costs and expenses related to all portions of the acquisition procedure. We therefore grant plaintiffs motion on the issue of liability and remit to Supreme Court to determine the reasonable amount of her reimbursable costs and expenses.
Mercure, J.P, Spain, Rose and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants’ cross motion and as denied plaintiff’s motion in its entirety; defendants’ cross motion denied, plaintiffs’ motion granted on the issue of liability, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed. [See 18 Misc 3d 1138(A), 2008 NY Slip Op 50343(U).]