■ In the Matter of RAY RIVER Co., INC., et al., Appellants, v VILLAGE OF HAVERSTRAW, Respondent. [879 NYS2d 335]—In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the Village of Haverstraw from taking title to certain real property pursuant to its powers of eminent domain, the petitioners appeal from a judgment of the Supreme Court, Rockland County (LaCava, J.), entered August 2, 2007, which, upon an order of the same court dated March 28, 2007, denied the petition and, in effect, dismissed the proceeding.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The sole relief specifically requested by the appellants in the petition was for "a Writ of Prohibition prohibiting the Village of Haverstraw from taking, or attempting to take, fee title to the [subject] property." During the pendency of this appeal, the Vil-

lage commenced condemnation proceedings pursuant to EDPL 402, and the Supreme Court subsequently entered a judgment of condemnation (*see Matter of Village of Haverstraw v Ray River Co., Inc.,* 62 AD3d 1016 [2009] [decided herewith]).

Since the matter does not warrant the invocation of the exception to the mootness doctrine (*see Matter of Jablonski v Steinhaus,* 48 AD3d 465, 466-467 [2008]), the appeal must be dismissed as academic (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *Andre v City of New York,* 47 AD3d 602, 604 [2008]; *Warren v Mikle,* 40 AD3d 974, 975 [2007]; *Matter of Sergio v Elmhurst Gardens, Inc.,* 8 AD3d 489, 490 [2004]; *Collins v Barbaro,* 307 AD2d 906, 907 [2003]). Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.