◼ In the Matter of VILLAGE OF HAVERSTRAW, Respondent, v RAY RIVER CO., INC., et al., Appellants. [879 NYS2d 570]—

In a condemnation proceeding pursuant to EDPL 402, inter alia, for authorization to file an acquisition map, the claimants Ray River Co., Inc., and Haverstraw Riverfront, Inc., appeal from a judgment of the Supreme Court, Rockland County (LaCava, J.), entered March 27, 2008, which, upon an order of the same court dated December 14, 2007, among other things, granted the petition.

Ordered that the judgment is affirmed, with costs.

"Having failed to comply with the requirements of EDPL 207 by filing a timely petition for review of the condemnor's determination in this court, the appellants ' "may not circumvent the command of the statute with respect to the procedures governing judicial review by raising [their] objection . . . within the context of an article 4 vesting proceeding" ' " (*Matter of City of New Rochelle v O. Mueller, Inc.*, 191 AD2d 435, 436 [1993], quoting *Metropolitan Transp. Auth. v Pinelawn Cemetery*, 135 AD2d 686, 688 [1987]; *see Matter of Town of Southold [Town Hall Expansion Project]*, 50 AD3d 1045, 1046 [2008]; *Matter of Incorporated Vil. of Patchogue v Simon*, 112 AD2d 374 [1985]). Accordingly, the Supreme Court properly granted the petition for authorization to file an acquisition map referable to the subject property (*see Matter of New York City School Constr. Auth.*, 286 AD2d 441 [2001]; *Matter of City of New Rochelle v O. Mueller, Inc.*, 191 AD2d at 435; *Metropolitan Transp. Auth. v Pinelawn Cemetery*, 135 AD2d at 688-689). To the extent that the appellants allege that they have sustained damages as a result of a denial of their due process rights (*see Brody v Village of Port Chester*, 434 F3d 121, 127 [2005]), such damages, if warranted, may be determined in a proceeding pursuant to EDPL 501 (B) (*see Brody v Village of Port Chester*, 2008 WL 3398111, 2008 US Dist LEXIS 61604 [SD NY 2008]).

The appellants' remaining contention is without merit. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.