■ In the Matter of CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY, Respondent, to Acquire Title to Real Property Described as SBL No. 114.-02-10.1 and Located at 410 Hiawatha Boulevard West at Intersection of Hiawatha Boulevard West and Carousel Center Drive in City of Syracuse, which Parcel Comprises a Portion of the Site for the Phased Public Project Known as Destiny USA. HESS CORPORATION, Formerly Known as AMERADA HESS CORPORATION, Appellant. [910 NYS2d 612]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered March 3, 2009 in a proceeding pursuant to EDPL article 4. The order, among other things, granted the petition and authorized petitioner to acquire by condemnation certain real property owned by respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, City of Syracuse Industrial Development Agency (SIDA), commenced this proceeding pursuant to EDPL article 4 seeking to acquire title to a parcel of real property owned by respondent. SIDA previously authorized the condemnation of respondent's property, as well as the condemnation of other property, in proceedings commenced pursuant to EDPL article 2 (*Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292 [2002], *lv denied* 99 NY2d 508 [2003]; *Matter of J.C. Penney Corp. v City of Syracuse Indus. Dev. Agency*, 301 AD2d 305 [2002], *appeal dismissed* 99 NY2d 609 [2003]; *Matter of 843 Hiawatha Blvd. v City of Syracuse Indus. Dev. Agency*, 301 AD2d 305 [2002]). Contrary to respondent's contention, Supreme Court properly concluded that it lacked jurisdiction to determine the merits of the contention of respondent that its due process rights were violated and granted the petition (*see generally* EDPL 402 [B] [5]). "The power of the condemnation court to entertain claims raised by the pleadings in a condemnation proceeding is limited to matters of procedural compliance not within the scope of review by the Appellate Division" (*Matter of UAH-Braendly Hydro Assoc.*

*v RKDK Assoc.*, 138 AD2d 493, 493 [1988]; *see* EDPL 207, 208; *Matter of Broome County [Havtur]*, 159 AD2d 790 [1990], *appeal dismissed* 76 NY2d 771 [1990], *lv denied* 76 NY2d 709 [1990]; *Matter of Incorporated Vil. of Patchogue v Simon*, 112 AD2d 374 [1985]). In contending that it was deprived of its right to due process by SIDA's alleged insufficient notice of the prior EDPL article 2 proceeding, respondent is in fact contending that the prior "proceeding was [not] in conformity with the federal and state constitutions" (EDPL 207 [C] [1]), and that contention therefore should have been raised before this Court in an original proceeding pursuant to EDPL 207 (*see* EDPL 208; *Broome County*, 159 AD2d 790 [1990]). Respondent failed to raise that contention in such a proceeding, however, and "may not [now] circumvent the command of the statute with respect to the procedures governing judicial review by raising [its] objections within the context of an EDPL article 4 vesting proceeding" (*Incorporated Vil. of Patchogue*, 112 AD2d 374, 375 [1985], *lv denied* 66 NY2d 605 [1985]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.